**Alice W. McCART, Appellant,**

v.

**Roy CAIN et al., Appellees.**

**No. 16828.**

Court of Civil Appeals of Texas.

Fort Worth.

May 19, 1967.

Rehearing Denied June 16, 1967.

McGown, Godfrey, Decker & Courtney, and John W. McMackin, Fort Worth, for appellant.

Freeman & Ward, Fort Worth, for appellee G. W. Wilemon.

Thompson, Walker, Shannon & Gracey, Fort Worth, for appellee Dan Yarbrough.

Donald C. Bubar, Fort Worth, for appellee Roy Cain.

Garrett & Garrett, Fort Worth, for appellees Margaretta G. Beavers, Rev. C. Avery Mason, John R. Halsell, Jr., et ux.

## OPINION

LANGDON, Justice.

This suit involves alleged restrictions against the use of Lots 21 through 30, inclusive, and the West 15 feet of Lot 31, Block 26, Chamberlain Arlington Heights, First Filing, to the City of Fort Worth, Tarrant County, Texas, and a triangular tract of land out of the extreme Southwestern corner of Lot 15, Block 26, for other than single one-family residences.

For convenience, appellant, Alice W. McCart, will be referred to throughout as "plaintiff," and the various appellees will be referred to as "defendants."

Suit was brought by plaintiff under the provisions of Article 2524–1, Vernon's Ann. Tex.Civ.St., generally known as the "Declaratory Judgments Act."

The case came to trial on Plaintiff's Second Amended Original Petition in which it was alleged that there were no deed restrictions whatsoever of record against the property which is the subject matter of this suit; that it was proposed to build a townhouse condominium project on such property; and that the defendants had claimed and were claiming that implied restrictions upon the property prohibited the proposed construction. Defendants had also made known their intention to attempt to block the proposed construction.

Defendants answered by general denial and further alleged that plaintiff or her predecessors in title as owners of all of the lots presently belonging to defendants as well as the lots which are the subject matter of this suit developed same under a general scheme or plan whereby all of said lots would be devoted to the erection of single one-family residences.

Trial was to the court without a jury. The court entered judgment that all of the lots which were the subject matter of this declaratory judgment action were burdened with a restrictive covenant limiting the use of same to single one-family residences.

The plaintiff contends that the trial court erred in (1) refusing to find that the Burden of Proof was upon the defendants to prove a general scheme or plan of development (2) entering judgment restricting the use of plaintiff's property to single one-family residences because as a matter of law the evidence adduced at the trial did not support such judgment and further because there was no evidence or insufficient evidence to support the court's finding to the effect that plaintiff's property was so restricted.

We reverse and remand.

Some findings of facts made and filed by the court are summarized as follows:

(a) The deed to the property presently owned by the plaintiff contains no deed restrictions restricting its use to single family dwellings. There are no restrictions of record against the property.

(b) Defendants, who are owners of property in Block 26 and the North one-half of Block 33 of Chamberlain Arlington Heights, First Filing, have asserted that there exists an implied reciprocal covenant on the plaintiff's land by virtue of restrictions to single family dwellings contained in the various deeds to the defendants or their predecessors in title.

(c) There is no evidence that any purchasers of lots in Blocks 26 or 33, from plaintiff's predecessors in title had any actual knowledge of the restrictions on lots to other purchasers in said blocks or that the purchasers of said lots relied in any way upon the restrictions in deeds to other purchasers in said blocks.

(d) There is no evidence of any maps, plats, brochures or other type of written matter representing that the property which is the subject matter of this suit would be restricted according to a common scheme or plan.

(e) The only evidence of restrictions, express or implied, covering lots (of the defendants) in Blocks 26 and 33, is contained

in the deeds from plaintiff's prodecessors in title to the purchasers of lots in said blocks. The restrictions contained in such deeds are not uniform or identical and contain no language referring to a common scheme or plan for the development of said blocks.

In Texas the law is well settled to the effect that in order to claim or enforce a restrictive covenant on another's land, it is necessary for the party claiming the restriction to show its existence and further that it was for the benefit of his land.

In 20 Am.Jur.2d 890 § 323, Burden of proof, it is stated, "The burden of establishing the existence and the right to the benefit of a restriction is upon the party who asserts it. Thus, the burden of proof is upon the parties seeking to enforce restrictions to establish that the necessary legal steps have been taken to render such restrictions effective, binding, and mutually enforceable, or that they were imposed on the land for the benefit of land owned by such parties."

"In every case where parties seek to enforce a restrictive covenant the burden of proof is upon them to establish that the covenant was imposed on defendants' land for the benefit of land owned by them." Davis v. Skipper, 125 Tex. 364, 83 S.W.2d 318, 321, 322 (1935); Baker v. Henderson, 137 Tex. 266, 153 S.W.2d 465, 469 (1941); Brehmer v. City of Kerrville, 320 S.W.2d 193, 195 (Tex.Civ.App., 1959, no writ hist.).

"As before mentioned, there is nothing in the deeds executed by the common grantor, or in the recorded plat or dedication executed by him, showing that the restrictive covenants in the deed were intended for the benefit of other grantees, or that gave to either the right to complain of their violation. * * * Standing alone, and aside from matters extrinsic written instruments, the presumption should be indulged that the restrictions were inserted in the deeds for the benefit alone of the grantor." Monk v. Danna, 110 S.W.2d 84, 85, 86 (Tex.Civ. App., 1937, no writ hist.).

"In actions to enforce a restriction, a plaintiff to whom a right of enforcement has not been expressly granted has, generally, a burden to show a common plan for the benefit of all owners. He must show that such a plan or scheme existed, and prove that the land against which the restrictions are sought to be enforced was subject thereto." 16 Tex.Jur.2d 36 § 129; Ragland v. Overton, 44 S.W.2d 768, 771 (Tex.Civ.App., 1931, no wr., subsequent appeal 54 S.W.2d 240). This accepted rule was applied in Calvary Temple v. Taylor, 288 S.W.2d 868, 871 (Tex.Civ.App., 1956, no wr.); Monk v. Danna, 110 S.W.2d 84, supra; Brehmer v. City of Kerrville 320 S.W.2d 193, 195 (Tex.Civ.App., 1959, no wr.).

According to the court's findings there are no restrictions contained in the deeds or otherwise of record as to the plaintiff's property nor any agreement as to rights of enforcement of the claimed restrictions in any of the deeds covering the property of the defendants.

Based upon the authorities above cited it seems apparent to us that the burden of proof was upon the defendants to establish that the plaintiff's predecessor in title had formulated a general scheme or plan for their benefit and that they had relied upon it. They failed to meet this burden.

We do not believe that the general rule as to the burden of proof in cases involving restrictive covenants is rendered inoperative because the plaintiff filed suit for declaratory judgment rather than to await filing of suit by the defendants.

Plaintiff alleged there were no deed restrictions of record against her property. The court so found. Further the court found that defendants have asserted the existence of an implied reciprocal covenant or a general scheme or plan as alleged by defendants under which plan all of said lots would be devoted to the erection of single one-family residences. Such a plan was not established.

In the absence of evidence to support the asserted existence of the reciprocal covenant or general scheme the defendants who rely thereon will be defeated. The plaintiff does not have the burden to prove the negative of such assertion because she filed the suit. This is not a suit to remove cloud on title as contended by defendants.

"The ultimate burden of proof is upon the party who, upon the pleadings, asserts the affirmative claim, and who, therefore, in the absence of evidence will be defeated, and hence is not determined by the position of the parties on the docket as plaintiff or defendant in the declaratory action." McDonald Texas Civil Practice, Vol. 1, Ch. II, § 2.06, p. 142, 145.

In 35 Texas Law Review, p. 133, the author states, "Usually the plaintiff in a declaratory-judgment action is seeking affirmative relief and has the burden of proof just as in an ordinary action. However, if the plaintiff seeks a declaration of non-liability, rather than affirmative relief, most courts ignore the formal position of the parties; they treat the plaintiff's position as purely defensive, and place the burden of proof on the issues of liability on the defendant. The reason given is that such an important matter as placing the burden of proof should not depend upon who sues first. The plaintiff in a declaratory action is given the right to have the claim determined, thereby being released from uncertainty, and should not be penalized by being forced to assume a burden that is not normally his. Thus a majority of courts ascertain from the pleadings which party asserts the affirmative of the controlling issue or issues, or which party would be compelled to submit to an adverse judgment in an ordinary action if no evidence were introduced, and place the burden upon that party." This majority rule was applied in Serna v. Cochrum, 290 S.W.2d 383 (Tex.Civ.App., 1956, Ref. n. r. e.) and had previously been approved by the Supreme Court of Texas

in Pace Corporation v. Jackson, 155 Tex. 179, 284 S.W.2d 340 (1955).

The Declaratory Judgments Act provides a method whereby parties may bring actions to determine their relative rights without waiting until they have suffered irreparable damage. To this end the Act provides for broad powers of construction in the Courts. Article 2524–1, Section 2, V.A.T.S., supra.

In Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 172 A.L.R. 837 (1945) the court in effect held that the declaratory judgment proceeding does not supplant any existing remedy, but is an additional remedy and "is intended as a speedy and effective remedy for the determination of the rights of the parties when a real controversy has arisen and even before the wrong has actually been committed."

Under the caption, "Remand where case not fully developed," 4 Tex.Jur.2d 522 § 914, it is stated: "A case will be remanded, rather than judgment rendered, where the ends of justice will be better served thereby, either because the appellee was prevented from fully developing his case, or he excusably omitted to do so as the result of an erroneous decision of the trial court. Such is the rule where on the former trial the evidence was not fully developed owing to an erroneous ruling of the trial court, or to a mistaken view of the case, taken by the trial court, that has either prevented the appellee from completely developing his case, or caused him to rest on an incomplete presentation of it, or may have had this effect."

Since it appears likely that the defendants omitted to fully develop their case in view of the rulings of the court as to the burden of proof on the asserted restrictions we are of the opinion that to remand rather than to render judgment will better serve the ends of justice in this case.

Reversed and remanded.