**O. M. JOBE, Jr., et al., Appellants,**

v.

**Olan E. WATKINS et al., Appellees.**

No. 17146.

Court of Civil Appeals of Texas, Fort Worth.

Sept. 25, 1970.

Rehearing Denied Oct. 30, 1970.

Lattimore & Lattimore, and Hal M. Lattimore, Fort Worth, for O. M. Jobe, Jr. and John W. Templer.

Shannon, Gracey, Ratliff & Miller, and Sam Rosen, Fort Worth, for Glenn C. McGouirk and Julian S. Haber.

Davis, Callaway & Marshall, and Clyde M. Marshall, Jr., Fort Worth, for appellees.

OPINION

BREWSTER, Justice.

This is an appeal from an order that granted a temporary injunction against Dr. Glenn C. McGouirk, Dr. Julian S. Haber, Orville M. Jobe, Jr., and John W. Templer.

The case involves Lots 7, 8, 9 and 10 in Wedgwood Addition to Fort Worth, Tarrant County, Texas. Dr. McGouirk owns Lot 7. Dr. Haber owns Lot 8, and Jobe and Templer together own Lots 9 and 10. These people were all deeded their lots on

January 3, 1970, by the West Texas District Church of the Nazarene.

E. L. Baker owned these lots at the time he dedicated them and some neighboring land as a part of Wedgwood Addition to Fort Worth on August 4, 1955. By the dedication he restricted these four lots to residential use only, providing that no building other than single family dwellings could be erected thereon and that no trailer or structure of a temporary character could ever be placed on such lots.

In September, 1969, Dr. McGouirk and Dr. Haber entered into sales contracts with Jobe and Templer by which McGouirk agreed to buy Lot 7 and Haber agreed to buy Lot 8, conditioned that the above referred to restrictions were removed so that dental offices and medical clinics could be constructed and operated on these lots.

Jobe and Templer, apparently, at that time had a contract to buy these lots from the Church if these restrictions could be removed.

To accomplish this, Jobe and Templer, as plaintiffs, brought a class suit in which all defendants named therein were owners of lots located in the area that was dedicated in E. L. Baker's dedication of August 4, 1955, which area also included the four lots in question. These defendants were sued individually and as representatives of all people who owned interests in land included in the land area that was the subject matter of that dedication.

No defendant contested Jobe and Templer's suit. This resulted in the trial court, on November 18, 1969, rendering a default declaratory judgment against all defendants sued, individually and as representatives of all property owners and mortgagees of property located in the part of Wedgwood Addition that was covered by these restrictions. The decree was to the effect that all restrictions imposed by E. L. Baker on Lots 7, 8, 9 and 10, Block 30 of Wedgwood Addition, in the dedication and plat that he signed on August 4, 1955, be cancelled and that the owners of such lots and their successors can use them free of such restrictions.

This judgment was allowed to become final. The Church then, on January 3, 1970, deeded to McGouirk Lot 7, to Haber Lot 8 and to Jobe and Templer Lots 9 and 10, all in Block 30.

In February, 1970, there was placed on one of these lots a sign reading as follows: "Medical Center—starting soon—Suites available—Call Glenn C. McGouirk —WA3–2335 or WA3–1237."

When this sign appeared, Olan E. Watkins, and wife, Lynda Lee Watkins, and Gayle Y. Waska joined as plaintiffs in filing a bill of review in the case wherein the judgment was rendered that cancelled the restrictions. These people had not been named as defendants in the case and alleged that they knew nothing about it until the sign was placed on the lot.

Mr. and Mrs. Watkins are owners of Lot 10, Block 29, Wedgwood Addition. This lot was across the street from the McGouirk lot and was a part of the property that was dedicated in the instrument that dedicated Lots 7, 8, 9 and 10 of Block 30 on August 4, 1955.

Mrs. Waska owned Lot 3, Block 30 of Wedgwood Addition. This lot backed up to and joined Lot 9 from the rear and was in the immediate vicinity of the other three lots. However, Mrs. Waska's lot was not a part of the property covered by E. L. Baker's dedication of August 4, 1955. Her lot was not dedicated by the same instrument that dedicated the four lots in question and that imposed the restrictions in question on Lots 7, 8, 9 and 10 in Block 30.

In mid-April, 1970, Dr. McGouirk moved a mobile home trailer onto his lot. He intended to temporarily conduct his dental practice in this building until he could complete a building on his lot for that purpose.

On April 17, 1970, Mrs. Waska, one of the plaintiffs in the bill of review, independent of the other two plaintiffs in the bill of review, filed in that case an application for a temporary injunction against Dr. McGouirk, Dr. Haber, Orville Jobe, Jr., and John W. Templer.

A hearing was held and the trial court granted a temporary injunction against all four such persons, enjoining them from doing any act in furtherance of the erection of a building on Lots 7, 8, 9 and 10 of Block 30, Wedgwood Addition, and from using any of said lots for other than residential purposes. Dr. McGouirk was mandatorily required to remove the mobile home from his Lot 7. The order required Mrs. Waska to post $2,500.00 bond payable to defendants, before the clerk would issue the injunction.

All four defendants have appealed.

■ Mrs. Waska contends that she filed the application for temporary injunction on behalf of all plaintiffs and she and Mr. Watkins contend that his oral request, while testifying, that the court grant the injunction was sufficient to make him an applicant for the injunction. We overrule both these contentions.

The question of who was the applicant for the temporary injunction in this case is material on the question of whether or not the applicant for the injunction in question had a justiciable interest in the matter being litigated. Mr. and Mrs. Watkins owned a lot located in the land area that was the subject matter of the dedication when the four lots in question were dedicated on August 4, 1955, by E. L. Baker. Mrs. Waska did not own such a lot.

The plaintiffs, Mr. and Mrs. Watkins, did not join in the application for the temporary injunction. He testified at the hearing that he was out of town when it was filed but at the hearing he orally requested that a temporary injunction be granted.

Rule 682, Texas Rules of Civil Procedure, requires that one applying for an injunction put his application in writing and swear to it. Mr. and Mrs. Watkins did not do this. Only Mrs. Waska complied with that rule and her application purports to act only for her. An oral application for temporary injunction is insufficient in a case such as this.

Rule 684, T.R.C.P., provides in substance that before issuance of a temporary injunction the applicant shall execute and file with the clerk a bond payable to the adverse parties in an amount to be set by the court. This bond is for protection of those enjoined in case the injunction is wrongfully issued. Only Mrs. Waska purported to comply with this rule. Neither Mr. or Mrs. Watkins signed the bond, as the rule requires applicants for injunctions to do, and thus gave no security to appellants in connection with the issuance of the injunction.

We hold that under these circumstances neither Mr. or Mrs. Watkins were "applicants" for the temporary injunction involved here. Mrs. Waska was the sole applicant in the eyes of the law for this temporary injunction.

By their point 3 defendants contend that the trial judge erred in granting a temporary injunction to the plaintiff, Gayle Waska, because she was not privy to the restrictions and owned no interest in real estate that entitled her to enforce the restrictions against Lots 7, 8, 9 and 10, Block 30.

By their points 6 and 7 defendants urge error by the trial court in granting the injunction because Mrs. Waska's evidence was insufficient and failed to establish that she had any probable right of recovery.

We sustain these 3 points. Such action requires a reversal of the case.

It is elementary that the burden was on Mrs. Waska, who applied for the temporary injunction, to prove at the hearing facts that would entitle her to such in-

junction. 31 Tex.Jur.2d 264, Injunctions, Sec. 150.

■ She was not required to prove that she would prevail at the final hearing, but was required to prove a prima facie case of a probable right to recover at the trial on the merits. 31 Tex.Jur.2d 264, Injunctions, Sec. 150.

■ A trial judge abuses his discretion in granting a temporary injunction in a case where the evidence fails to establish a reasonable basis for deciding that the applicant has a probable right of recovery. Camp v. Shannon, 162 Tex. 515, 348 S.W.2d 517 (1961).

One element of Mrs. Waska's cause of action necessary to be proved at the temporary injunction hearing was that she was a member of that group of people who were entitled to have restrictions against the lots in question enforced. (Just everybody cannot successfully insist that restrictions against realty be enforced.) Russell Realty Co. v. Hall, 233 S.W. 996 (Dallas, Tex.Civ.App., 1921, writ dism.), and Moody v. City of University Park, 278 S.W.2d 912, 923 (Dallas, Tex.Civ.App., 1955, ref. n. r. e.).

"In every case where parties seek to enforce a restrictive covenant, the burden of proof is upon them to establish that the covenant was imposed on the land for the benefit of land owned by them." Brehmer v. City of Kerrville, 320 S.W.2d 193 (San Antonio Tex.Civ.App., 1959, no writ hist.).

Mrs. Waska did not meet this burden at the hearing. No proof whatever was offered showing the history of the dedication of her lot, the ownership of it when it was dedicated and whether or not it was restricted in any way. Her lot was not a part of the land covered by the August 4, 1955 dedication by which the four lots in question were dedicated and restricted.

The record does show that she owns Lot 3, of Block 30 of Wedgwood Addition, but no proof whatever was offered which in any way tended to prove that she is a member of a class of people for whose benefit E. L. Baker originally placed the restrictions in question on Lots 7, 8, 9 and 10 of Block 30.

No effort was made at the hearing to prove that those four lots were restricted by E. L. Baker for the benefit of land that Mrs. Waska now owns. The record does not show that Baker ever owned her Lot 3 of Block 30.

With the evidence offered at the hearing being in this state, Mrs. Waska's status here is analogous to that of an owner of a lot located in one addition who is seeking to stop the owner of a neighboring lot that is located in another addition from violating restrictions covering this latter lot.

■ The law is that property owners in one subdivision of an addition have no standing in court to enforce deed restrictions imposed on property located in a separate and distinct subdivision. See Russell Realty Co. v. Hall, supra; Moody v. City of University Park, supra; and Wald v. West MacGregor Protective Association, 332 S.W.2d 338 (Houston, Tex.Civ.App., 1960, ref., n. r. e.).

■ For the reasons above stated, Mrs. Waska failed to prove a prima facie case at the hearing showing that she had a probable right to recover on the merits. From the proof made it actually appears that Mrs. Waska has no justiciable interest in the matter being litigated and therefore that she probably could not prevail on the merits.

It follows that the trial court erred in granting a temporary injunction in this case on the application of Mrs. Waska.

The other points become immaterial in view of this holding.

The case is reversed and remanded. Costs of the appeal are taxed against Mrs. Waska.