**Walter P. GIBBS, Appellant,**

v.

**GARDEN OAKS BOARD OF TRUSTEES et al., Appellees.**

**No. 394.**

Court of Civil Appeals of Texas, Houston.

Oct. 14, 1970.

Rehearings Denied Nov. 9, 1970.

Presley E. Werlein, Jr., Houston, for appellant.

Gordon W. Houser, Blades, Crain & Winters, Houston, for appellees.

SAM D. JOHNSON, Justice.

Suit by Garden Oaks Board of Trustees and other individual subdivision homeowners against Walter P. Gibbs, Jr., seeking a mandatory injunction to compel the removal of a fence and a portion of a carport asserted to have been constructed in violation of certain building line restrictions alleged to be applicable to a subdivision known as Garden Oaks, Section 2. After trial, which was to the court without a jury, the mandatory injunction prayed for was granted by the trial court. Gibbs, the homeowner and defendant below, perfects appeal to this Court.

In the trial court the plaintiffs (who will hereinafter be referred to as "Garden Oaks") introduced in evidence certain doc-

umentary evidence which consisted of the plat of Garden Oaks, Section 2; the dedicatory instruments reflecting the subdivision's restriction, covenants, and conditions (one of which contained a 50-foot set back restriction); a deed from Garden Oaks Company dated and recorded in 1940 to one A. E. Payne, which described the particular lot in question; and a deed describing the same identical single lot from a Dr. Robert A. McClimans, dated and recorded in 1962, to the defendant Gibbs. This last instrument, the deed to the defendant Gibbs, contained a recitation that it was made subject to the restrictions to the subdivision and made reference to such restrictions by the volume and page on which they were recorded. The property, conveyed in this instrument, was described by lot number in "Garden Oaks, Section Two, a subdivision in Harris County, Texas."

The plaintiff then called two witnesses, the first being a Mr. Luther P. McGary, who testified that he was a resident property owner and trustee in the subdivision. He testified to his familiarity with the Gibbs property, its location and the complained of structures which had been placed thereon. He further testified to conversations with the defendant Gibbs relative to these structures and violations. These conversations with Gibbs were both personal and with other trustees. The second witness was a Mr. Paul A. Lederer, a consultant civil engineer and registered land surveyor who testified concerning the locations of the structures on the Gibbs property. By this witness' testimony the fence and the carport were rather clearly shown to have been constructed whereby they substantially invaded the 50-foot set back restriction. It is to be recalled that the dedicatory instruments contained a 50-foot set back restriction.

The other evidence before the Court consisted of requests for admissions and answers thereto which established that the map and the dedicatory instruments of the subdivision (setting forth the restrictions, covenants and agreement pertaining as of the date of filing) were duly recorded; the address, lot and block number of the defendant Gibbs' property; that the dedicatory instruments were filed prior to Gibbs' acquiring any interest in his property; and that the defendant erected the fence and carport closer than 50 feet without discussion or permission of the Garden Oaks trustees. It was on the foregoing state of the record that the mandatory injunction was issued.

In his first point of error appellant asserts that there the court erred in granting the injunction in that there was no evidence to support any general plan or scheme of restriction. This point of error must be sustained. This determination is dictated by the record even though no findings of fact or conclusions of law were filed by the trial judge and the very strong presumptions resulting in favor of the plaintiff. See North East Texas Motor Lines v. Dickson, 219 S.W.2d 795 (Tex. Sup.1949); Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (Tex.Sup.1951).

The record evidences only one single conveyance from Garden Oaks, this to one A. E. Payne. The only other possible reference to any conveyance from Garden Oaks, who necessarily must be established as the common source of title, was by an assertion of plaintiff's first witness, McGary. This witness identified himself as a homeowner in the subdivision, identifying his property by street number only. Other than this testimony, the record permits no other conclusion than that there have been no other conveyances from Garden Oaks since the date of the dedication of the subdivision in 1939. Once the ownership of property is established, it is presumed to continue in the absence of a contrary showing. Dahlberg v. Holden, 150 Tex. 179, 238 S.W.2d 699 (Tex.Sup.1951). "While it is not necessary that complainant should be a direct party to the covenant sought to be enforced, it is necessary that he should have bought with notice of, and in reliance on, it, and that the covenant should have been entered into for the bene-

fit of the land complainant owns, and not merely for the personal advantage of the original convenantee." 43 C.J.S. Injunctions § 87, p. 582. Here there is no showing that the witness McGary or anyone else purchased from Garden Oaks, relied on the covenants, had restrictions in their deeds or anything else.

In addition, there is no showing or indication in the record that any general plan or scheme covering the property had been implemented. Aside from the failure to show conveyances from Garden Oaks (who obviously was to be considered as the common source of title), the record is devoid of any indication that the restrictions had been incorporated in any subsequent deeds or had ever been known of, looked to, complied with, or relied upon or observed by anyone. It is beyond dispute that an owner of property may dedicate it to a particular use and incorporate restrictions therein. Hill v. Trigg, 286 S.W. 182 (Tex.Com. App.1926). It is equally fundamental that a showing of such dedication without evidencing that the general building plan or scheme was ever implemented is not sufficient to support the issuance of a mandatory injunction. The burden of establishing a general building plan or scheme was upon the plaintiff, Massengill v. Jones, Tex.Civ.App., 308 S.W.2d 535, ref., n. r. e., and it is clear that such burden was not sustained.

In view of the disposition here made it is noted almost parenthetically that there is only the most nebulous indication that Garden Oaks was Gibbs' predecessor in title.

In sustaining appellant's no evidence point of error it is generally the duty of the court to render judgment for the appellant. Rule 434 also provides, however, that the cause shall be remanded for a new trial "when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain * * *." This phrase has been interpreted to grant to the Courts of Civil Appeals the same discretion obtained by the Supreme Court under Rule 505 to remand if "the justice of the case demands another trial * * *." National Life & Accident Ins. Co. v. Blagg, 438 S.W.2d 905, 909 (Tex.Sup.1969). We believe it to be apparent from the record that this cause was not fully developed by plaintiffs in the trial court and that the interests of justice require it to be reversed and remanded. Chapparral Coach Mfg., Inc. v. Freeman, Tex.Civ.App., 440 S.W.2d 404, no writ hist.

The injunction issued by the trial court is dissolved and this cause is reversed and remanded to the trial court.