**GIBSON PRODUCTS COMPANY OF SAN ANGELO et al., Appellant,**

v.

**Alex ALEXANDER et al., Appellees.**

No. 11813.

Court of Civil Appeals of Texas, Austin.

April 7, 1971.

Rehearing Denied April 28, 1971.

**82**

Marschall, Hall & McLaughlin, John Mark McLaughlin, San Angelo, for appellants.

Hardeman, Smith & Kever, Justin A. Kever, San Angelo, for appellees.

PHILLIPS, Chief Justice.

This is an appeal from the judgment of the trial court in a declaratory judgment suit seeking the construction of a written lease on commercial property. Appellant as lessee undertook to install gasoline pumps and sales facilities in the parking area of the leased property without consent of the lessor.

From an adverse judgment, Gibson Products Company has perfected its appeal to this Court.

We affirm.

Appellants are before this Court on three points of error, briefed together, complaining that the trial court erred in holding that the lease prohibited the installation of gasoline pumps and sales facilities in the parking area 150 feet distant from the only building on the premises because the lease expressly authorizes such installation without the consent of the landlord; in holding that the lease provisions prohibit the installation of gasoline pumps and sales facilities on the premises because the tenant is expressly authorized by Paragraph III(c) of the lease to install and remove "all fixtures and/or equipment of whatever nature" and the gasoline pumps and other items to be installed under the sublease are such fixtures and equipment; in finding as a matter of fact that the consent of the landlord, even if it be required, was not unreasonably withheld, such finding being so against the overwhelming weight and preponderance of the evidence adduced at the trial as to be clearly wrong.

We overrule these points.

The Appellees, Mr. Alex Alexander and his three brothers, brought suit under the Texas Uniform Declaratory Judgment Act against Gibson Products Company of San Angelo and Western Marketing, Inc., Appellants. The purpose of the suit was to obtain a construction of the lease agreement between Appellees and Appellants and to determine whether Gibson had the right to install fixtures and equipment for the sale of gasoline at retail under a sublease.

By its judgment, the court found that the erection and installation of the fixtures and equipment for the retail sale of gasoline were prohibited by Paragraph I(c) of the lease in question and denied all other relief.

Findings of fact and conclusions of law were filed.

Paragraph I(c) of the lease agreement provides as follows:

"I. And said Tenant does hereby covenant and agree with said Landlord that it will:

\* \* \* \* \* \*

(c) make no alterations or additions in or to said premises without the written consent of said Landlord, which consent shall not unreasonably be withheld; such changes which neither reduce the value of the building nor impair its structural strength shall not require consent of the Landlord;"

The trial court found that "the construction and installation of said tanks, pumps, lighting and attendant shelter would constitute an 'alteration or addition' in or to the premises within the meaning of the lease agreement between the parties hereto \* \* \*, and the lessors have not consent-

ed thereto." The court also found that the consent of the landlord to such alteration or addition to the premises has not been withheld unreasonably.

■ We hold that the court was correct in its interpretation of the lease. The first clause in I(c) refers to the premises, the second clause refers to the building itself. Since no changes were attempted by appellants on the building, the second clause has no application here.

Appellants seek to install gasoline dispensing pumps with attendant underground storage tanks, all with appropriate lighting, some distance from the building but located on the "premises." Thus the court correctly held that the first clause of I(c) applied.

■ The principal cases relied on by appellants are not applicable here as one[1] held that the party seeking to impose a restrictive covenant had not met his burden of proof and such is not the case here; the other[2] is equally inapplicable as the court allowed a proposed addition to the premises holding that the lease before it was ambiguous and must be interpreted in favor of the tenant. We have no ambiguity here. The intention of the parties is easily ascertainable, and the language is precise and easily applied.

Paragraph III(c) is as follows:

"III. It is mutually agreed by and between the Landlord and the Tenant that:

* * * * * *

(c) all fixtures and/or equipment of whatsoever nature as shall have been installed in the demised premises by the Tenant, whether permanently affixed thereto or otherwise, shall continue to be the property of the Tenant, and may be removed by Tenant at its option at the expiration or termination of this lease; * * *"

■ We do not agree with appellant Gibson's contention that it did not need permission to install the service station inasmuch as the lease allowed it to install "fixtures and/or equipment of whatsoever nature," that the intent of the parties was that these items would not become part of the premises, that these fixtures and/or equipment could be removed at the end of the lease term with Appellant repairing any damage to the premises occasioned by the removal. Our construction of Par. III(c) of the lease is that it would apply only after permission to alter the premises had first been obtained from the landlord (Appellee).

■ Nor do we believe the Appellee's withholding of permission to alter the premises to be unreasonable. The testimony discloses that the property covered by the lease in question is part of a larger tract of land initially purchased for development. Restrictive covenants were placed in the deed to insure the orderly development of the area and the same restrictions were made applicable to adjoining land subsequently acquired by Appellees. One of the inducements held out by Appellees to Lessees and other purchasers of land from them in the tract was that the traffic pattern would be controlled by a limited number of entrances and exits to and from the heavy traffic artery on which this property fronted. It was admitted that if the service station was to be installed, additional cuts would have to be made in the curb in order to construct additional access to the station from the street. Not only would these cuts in the curb constitute alterations to the premises, but there is evidence that they would allow a change in the traffic pattern that, in turn, would obstruct the orderly flow of traffic as originally planned. Consequently, we hold that the evidence is sufficient for the trial court's ruling on this point.

We affirm the trial court's judgment.

1. McCart v. Cain, 416 S.W.2d 463 (Tex. Civ.App.1967, writ ref'd n. r. e.)

2. Rosenblum v. Neisner Brothers, 231 F.2d 322 (7th Cir. 1956, certiorari denied).