Bobby M. BURNS, Appellant,

v.

Edgar A. WOOD, Appellee.

No. 17322.

Court of Civil Appeals of Texas, Fort Worth.

June 23, 1972.

Rehearing Denied July 21, 1972.

Protho & Sellers and Lee Sellers, Wichita Falls, for appellant.

Banner & McIntosh, Fillmore, Lambert, Farabee & Purtle, Wichita Falls; DeLange, Hudspeth, Pitman & Katz, and Eugene J. Pitman, Houston, for appellee.

## OPINION

BREWSTER, Justice.

This case involves restrictive covenants. The plaintiff, Bobby M. Burns, sued defendant, Edgar A. Wood, for an injunction to keep the latter from building and operating multi-unit apartment houses on certain land owned by Wood.

Following a jury trial judgment was rendered to the effect that the plaintiff, Burns, and two intervenors, Dubose Pipes and James H. Watson, take nothing by their suit. This is an appeal by the plaintiff, Burns, from that decree. Intervenors, Pipes and Watson, did not appeal.

Plaintiff had alleged in substance that in 1926 a corporation, Park Place Realty Company, had platted and dedicated a tract of land that it then owned into an addition known as Park Place Subdivision, an addition to the City of Wichita Falls, Texas; that plaintiff owns certain blocks that are a part of that addition and that plaintiff holds title in privity with and under a regular chain of title from Park Place Realty Company, the dedicator; that defendant owns Lot 7–A in Block 9 of Singleton Addition, Section 3, which property is also located in Park Place Subdivision; that Singleton Addition, Section 3, is a part of a replat of Park Place Subdivision; that defendant's property is subject to restrictive covenants imposed by the plat and dedication of Park Place Subdivision which covenants prevent the construction and operation of apartment houses on defendant's land; and that defendant acquired his land by a chain of conveyances originating with Park Place Realty Company.

The defendant had admittedly started construction of apartment houses on his lot not long before plaintiff brought this suit to enjoin such construction.

Plaintiff on this appeal urges five points of error. His first point is that the trial court erred in overruling plaintiff's motion for judgment notwithstanding the verdict. Plaintiff contends in three of his points of error that the trial court committed reversible error in three separate instances in overruling his objections to certain evidence. In his other point of error plaintiff contends that the court committed reversible error in sustaining defendant's objection to certain evidence offered by the plaintiff.

The defendant (appellee) replies that the trial court did not err in overruling plaintiff's motion for a judgment notwithstanding the verdict because the plaintiff, upon the trial, did not offer sufficient evidence to establish even a prima facie case entitling him to have the defendant enjoined from constructing the apartment houses. Defendant says that since plaintiff did not offer sufficient evidence to establish prima facie his right to the relief sought that the

defendant was for that reason entitled to judgment and that the court therefore properly overruled plaintiff's motion for judgment and properly rendered the take nothing judgment. Defendant's reply to the points of error relating to the overruling of plaintiff's objection to evidence is that such rulings, even if erroneous, could not be harmful or reversible error because at the conclusion of all the evidence offered the defendant was entitled to an instructed verdict anyway. He says that since this was true the plaintiff could not have been harmed by admitting the evidence.

We have concluded that defendant's contentions are correct.

■ The burden of proof was upon the plaintiff, who is seeking to enforce the restrictive covenant on defendant's land, to prove that the defendant's land is in fact legally burdened with such restriction, and further, that such restriction was imposed upon defendant's land for the benefit of land owned by the plaintiff. McCart v. Cain, 416 S.W.2d 463 (Fort Worth Civ. App.1967, ref., n. r. e.); Jobe v. Watkins, 458 S.W.2d 945 (Fort Worth Civ.App.1970, ref., n. r. e.); and Brehmer v. City of Kerrville, 320 S.W.2d 193 (San Antonio Civ.App.1959, no writ hist.).

The plaintiff in this case introduced into evidence a plat and dedication which recited that it was executed in 1926 by Park Place Realty Company, a corporation. The plat and dedication purported to dedicate the tract of land therein described as ". . . Park Place Subdivision of a portion of the J. A. Scott Surveys Nos. Eight (8) and Nine (9), Wichita County, Texas, . . ." and undertook to impose the restrictions in question on the use of the land.

Proof was offered that both the defendant's lot in question and the land owned by the plaintiff were located within the boundaries of the tract of land covered by this plat and dedication.

But there was no evidence offered during the trial, other than this plat and dedication referred to, that tends to prove that this corporation, Park Place Realty Company, was in fact the owner of the land involved and that by reason of being the owner that it had a right to burden such land with restrictive covenants.

There was no evidence tending to show that Park Place Realty Company was the common source of title of the lots owned by both plaintiff and defendant. There was no evidence tending to show that Park Place Realty Company was even in the chain of title to either the lot owned by the plaintiff or the one owned by defendant or that either the plaintiff or the defendant held title to their land in privity with and under a regular chain of title from Park Place Realty Company.

■ The plaintiff was not a party to the 1926 plat and dedication of Park Place Subdivision by Park Place Realty Company. It is contended that the restrictions in question were imposed on defendant's lot by means of that plat and dedication. In order to establish that he was entitled to enforce the restrictions involved, it was therefore necessary for plaintiff to prove that he held his land in the addition in privity with and under a regular chain of title from Park Place Realty Company. Taylor v. McLennan County Crippled Children's Ass'n, 206 S.W.2d 632 (Waco Civ. App.1947, ref., n. r. e.). He had to do this in order to establish the essential element of his cause of action, to-wit: that he was the owner of land for the benefit of which the dedicator imposed the restrictions in question on defendant's land. Davis v. Skipper, 125 Tex. 364, 83 S.W.2d 318 (Tex.Com.App.1935) and Jobe v. Watkins, supra, and cases therein cited. The evidence offered by plaintiff was not sufficient to make out a prima facie case on this element of his cause of action.

43 C.J.S. Injunctions § 87(2), p. 582: "While it is not necessary that complainant should be a direct party to the covenant

sought to be enforced, it is necessary that he should have bought with notice of, and in reliance on, it, and that the covenant should have been entered into for the benefit of the land complainant owns, . . . ."

It was also essential in proving plaintiff's case that he prove that Park Place Realty Company was in the chain of title to defendant's property. If that corporation under the facts of this case, was not in defendant's chain of title, then the restrictions sought to be imposed on defendant's lot by Park Place Realty Company would be invalid and inoperative against defendant's property.

Also, proof simply of the fact that Park Place Realty Company filed in 1926 a plat and dedication purporting to dedicate the tract therein described as Park Place Subdivision and purporting to burden the lots therein described with restrictive covenants is not sufficient to establish that Park Place Realty Company was in fact the owner of the land in question, and was not sufficient evidence to prove that it had a legal right to burden the land therein described with such restrictions.

Plaintiff made no effort to prove that there was a regular chain of title to defendant's lot from Park Place Realty Company into the defendant and he made no effort to prove a regular chain of title to plaintiff's lot running from Park Place Realty Company into the plaintiff.

He simply started his proof with Park Place Realty Company by proving that in 1926 that company undertook by the plat and dedication to dedicate the land and to restrict it. He next offered deeds dated many years later from plaintiff's and defendant's immediate grantors, who in neither instance was Park Place Realty Company. No attempt was made to prove the missing links in these titles or to connect them back to Park Place Realty Company.

The plaintiff had pleaded that both he and defendant had through regular chains of conveyances derived title to their respective tracts from and through Park Place Realty Company, but at the trial he made no effort to prove it other than as above demonstrated.

We hold, for the reasons stated, that the evidence offered was insufficient to establish that defendant's land is legally burdened with the restrictions that are sought to be enforced against it.

In addition, the plaintiff during the trial did not prove the sale and conveyance by Park Place Realty Company of a single lot purporting to have been created by the plat and dedication. There was no showing at all that anyone ever bought a single one of the lots from that corporation in reliance on or with respect to the plat and the restrictions and thus there was no showing that any general plan or scheme was ever implemented or carried into effect. No proof was made that even a single deed in the chain of title to the land of either plaintiff or defendant was ever executed that either contained or referred to the restrictions that are here sought to be enforced. It was essential to plaintiff's case that he prove prima facie the implementation of the general plan or scheme and we hold that he did not offer sufficient evidence to do it. Gibbs v. Garden Oaks Board of Trustees, 459 S.W.2d 478 (Houston Civ.App.1970, ref., n. r. e.), and cases therein cited.

Plaintiff did not prove a prima facie case entitling him to the relief sought, as is demonstrated above, and the court therefore properly overruled his motion for judgment notwithstanding the verdict and properly rendered judgment against him. We therefore overrule plaintiff's first point.

In plaintiff's points of error Nos. 2, 3, and 5, he claims reversible error was committed by the trial court in overruling objections that he made to certain evidence offered by defendant during the trial. We overrule each of those points because even

if the court did err in admitting such evidence no harm could have been thereby caused to plaintiff in view of the fact that he did not offer sufficient evidence upon the trial to entitle him to go to the jury with his case. A losing party cannot be heard to complain of any error committed on the trial where he is not entitled to recover in any event. Riggs v. Riggs, 322 S.W.2d 571 (Dallas Civ.App.1959, no writ hist.) and many cases cited in 4A Texas Digest, Appeal & Error, ☞1029.

In plaintiff's point of error No. 4 he contends that the trial court erred in sustaining defendant's objection to testimony of the plaintiff and of the intervenors as to their opinions of the effect on their property of the construction of the apartments on defendant's property. We overrule the point. We are convinced that this point does not demonstrate prejudicial or reversible error in view of the record made.

The judgment is affirmed.