SELECTED LANDS
CORPORATION, Appellant,

v.

Ralph J. SPEICH, Robert P. Kellie, and
James B. Micros, Appellees.

No. 01–84–0740–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Supplemental Opinion On Motion
for Rehearing Dec. 19, 1985.

Rehearing Denied Jan. 16, 1986.

Before DUNN, JACK SMITH and CO-HEN, JJ.

## OPINION

DUNN, Justice.

We supplement our opinion, 702 S.W.2d 197 (1985), to address appellees' contentions that we: 1) misstated facts and 2) ignored other holdings of this court.

Appellees contend that we erroneously found that the developers provided the residents of Bluebonnet Country with a golf course, lakes, and tennis courts, because no such testimony is in the record. By order granted November 7, 1984, the deposition testimony of appellee Speich was included in the record. This testimony contains several references to the subdivision's existing golf course, tennis courts, and catfish ponds.

Appellees also take exception to our finding that the deeds to Speich were expressly made subject to restrictive covenants recorded prior to Speich's purchases. They assert that the deed conveying Lot 13, Block 3, Bluebonnet Country, Section 1, to Speich contains no reference to restrictive covenants. We again refer appellees to the record before this court. The declaratory judgment granted by the trial court references three lots in Bluebonnet Country owned by appellee Speich. They are Lots 1 and 2, Block 13, Section 3, and Lot 13, Block 3, Campsite No. 1 out of Reserve

"A", Section 1. Lot 13, Block 3, Section 1 is not mentioned.

Our opinion expressly addresses "those lots owned by appellee Speich, *specifically referred to by the trial court.*" It does not address lots not complained of on appeal.

Appellees' assertion that our opinion ignores prior opinions of this Court, and our companion court, is likewise without merit. We believe that the holdings in those opinions regarding "general plan or scheme" are irrelevant to the present case.

In *Keith v. Seymour,* 335 S.W.2d 862, 867 (Tex.Civ.App.—Houston 1960, writ ref'd n.r.e.), numerous deeds to lots in a subdivision were conveyed without reference to any restrictive covenants. This court held that these circumstances, coupled with a written resolution giving the subdivision company the right to relieve a lot or lots from the restrictions before conveyance thereof, failed to establish a general plan or scheme for the subdivision.

There is nothing in the record before us to suggest that the lots in Bluebonnet Country are subject to any similar resolution, or that the grantors retained the right to lift the restrictions.

Neither is *Gibbs v. Garden Oaks Board of Trustees,* 459 S.W.2d 478 (Tex.Civ.App. —Houston [14th Dist.] 1970, no writ), dispositive of the present case. In *Gibbs,* the court found that there was no evidence to support the existence of a general plan or scheme, because the plaintiff failed to establish the subdivision as the common source of title. The record evidenced only a single conveyance, and the court stated, "[w]e believe it to be apparent from the record that this cause was not fully developed by plaintiffs in the trial court and that the interests of justice require it to be reversed and remanded." *Id.* at 480.

In contrast, we find that our appellees (plaintiffs in the trial court) fully developed their cause of action.

Appellees' motion for rehearing is denied.