OPINION HEADING PER CUR 









                NO. 12-06-00124-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

BRENDA
STEWART AND

JUDY
VALCOURT,  §          APPEAL FROM THE 159TH

APPELLANTS

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

ANGELINA
COUNTY, TEXAS,

APPELLEE   §          ANGELINA
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION








            Brenda Stewart (“Brenda”) and Judy
Valcourt (“Judy”) (collectively “Appellants”) appeal the trial court’s judgment
entered in favor of Appellee Angelina County declaring that Ben Weeks Road is a
public road.  In three issues, Appellants
contend that the trial court erred in applying an improper standard to
determine that an implied dedication was undertaken and that the evidence was
both legally and factually insufficient to support the trial court’s
judgment.  We affirm.

                                                

Background

            Appellants filed the instant lawsuit
on October 21, 2004 seeking a declaratory judgment that Ben Weeks Road is not a
public road.  A bench trial was conducted
on March 23, 2006.








            Appellants own two acres of land in
the Beulah Community of Angelina County. 
Ben Weeks Road passes through this property.  Appellants have lived on Ben Weeks Road since
1999.  Brenda’s mother, Jo Ann Stewart (“Jo
Ann”), has lived on the property where Ben Weeks Road ends since 1991.  Jo Ann grew up in the area where Ben Weeks
Road is located but moved away from the area in 1951.  In 1991 Jo Ann moved back to the “old home
place” with her husband, Frank.  Jo Ann
and Frank have a daughter, Lucy Potter (“Lucy”), who, prior to the time of
trial, had lived on Ben Weeks Road for less than a year.

            Jo Ann’s brother, Jack Fairchild (“Jack”),
testified that he has lived off Ben Weeks Road since 1991.  Jo Ann and Jack had a brother, Lester, Sr.,
who was killed in 1975.  Lester, Sr. had
a son, Lester, Jr., who also lives in the area. 


            The origin of Ben Weeks Road is not
clear from the record.  It is
uncontroverted that Beulah School Road was previously used to reach the old
home place where Jo Ann, Jack, and Lester, Sr. were raised.  However, the family did not have direct
access to Beulah School Road and used a circuitous route through a neighbor’s
property to reach it from their property. 
When the neighbor who owned the property by which they accessed Beulah
School Road decided to disallow its further use for this purpose, Ben Weeks
Road was constructed and led in a straight path from the family’s old home
place directly to Farm to Market Road 58 (“FM 58").  

            Jo Ann testified that Lester, Sr.
purchased three acres from Frankie Hale in the 1970s.  She further testified that Lester, Sr. used
his own bulldozer to build Ben Weeks Road over this land.  However, Jack testified that in 1960, Lester,
Sr. had the road built by the county.  He
further testified that Lester, Sr. built a fence on both sides of the
road.  Moreover, Jack stated that the
county had maintained the road ever since its construction.  Jack further stated that the road had been
used by the public, including the state game warden, following its
construction.  








            Area resident Thomas
Eugene Squires (“Squires”) testified that when he left to serve in the United
States Marine Corps in 1953, the family used the route off Beulah School Road
to access their property.  Squires
further testified that upon his return in 1972, Ben Weeks Road led off
FM 58 to the family’s property. 
Squires stated that Robert Caldwell (“Caldwell”), the County
Commissioner for Angelina County, Precinct 4, was maintaining Ben Weeks
Road.  David Outlaw (“Outlaw”), a county
employee for approximately twenty-five years, testified that he had been
trained on the county grader by two men, Clyde Breazeale (“Breazeale”) and Jess
Wheeler (“Wheeler”), who were both long time Angelina County employees.  Outlaw testified that they had worked on Ben
Weeks Road during the 1960s. Outlaw, Delbert Lee Jones (“Jones”), and Lynn
George (“George”)[1] each testified that every county commissioner since Caldwell had
maintained Ben Weeks Road.  

            Subsequently, the trial
court entered a judgment declaring Ben Weeks Road to be a public road.  Thereafter, the trial court entered the
following findings of fact and conclusions of law:

 

Findings
of Fact and Conclusions of Law

 

A.            The Ben Weeks Road is located off Farm Road 58 in the
Beulah Community of Angelina County, Texas.

 

B.            Angelina County first began to maintain the Ben Weeks
Road over forty years ago.

 

C.            Angelina County continued to maintain the Ben Weeks Road
by and through its employees who testified in this cause.

 

D.            For an approximate period of at least [five] (5) years a
gate was put up on the Ben Weeks Road and the Ben Weeks Road was not maintained
by Angelina County during that time from the mid-eighties through 1990.

                                                                                

E.            The gate was taken down around 1990 and the Ben Weeks
Road was again maintained by Angelina County employees from then to present.

 

F.             The Ben Weeks Road is a public road.  The public was free to use the road and did
in fact freely use the road for the last [forty] (40) years except when the
gate was up.

 

G.            The Ben Weeks Road is a county road in Angelina County,
Texas.

 

H.            The County has expended funds for public upkeep and
maintenance of the Ben Weeks  Road for at
least ten (10) years of the last twenty (20) years.

 

I.             There was not a formal dedication of the Ben Weeks Road
as a county road by the Angelina County Commissioner’s Court by the Court
through [sic] the precinct commissioner assigned hands to work it over
many  years.

 

J.             The Plaintiffs did not visit the road in question except
briefly between 1972 and 1991.

 

K.            There was a small family cemetery where the Massengil
children were buried located past the end of this road.

 

II.

Conclusions of Law

 

A.            The Ben Weeks Road is a public road in Angelina County.

 

B.            The Ben Weeks Road is an Angelina County [r]oad.

 

C.            The Ben Weeks Road has been maintained in an ongoing
fashion by Angelina County employees for over forty years with minimal
interruption.

 

D.            Angelina County has expended funds for public upkeep or
maintenance of the Ben Weeks Road for at least ten (10) of the last twenty (20)
years.

E.            The Ben Weeks Road was established prior to 1973 and
taking without compensation has occurred with regard to these particular
Plaintiffs.

 

This appeal followed.

 

Implied Dedication

            In their first issue,
Appellants contend the trial court applied an improper standard in determining
there had been an implied dedication of Ben Weeks Road because it improperly focused
on Angelina County’s maintenance of the road rather than the landowner’s
intent.  In their second and third
issues, Appellants argue that there was not legally and factually sufficient
evidence to support the trial court’s judgment.        

Applicable Law

            Dedication is the act
of appropriating private land to the public for any general or public use.  Scott v. Cannon, 959 S.W.2d
712, 718 (Tex. App.–Austin 1998, pet. denied). 
Common law dedications are subdivided into two classes, express and
implied.  See O’Connor v. Gragg,
339 S.W.2d 878, 882 (Tex. 1960).  The
essential elements of implied dedication are (1) the acts of the landowner
induced the belief that the landowner intended to dedicate the road to public
use, (2) the landowner was competent to do so, (3) the public relied on these
acts and will be served by the dedication, and (4) there was an offer and
acceptance of the dedication.  See Las
Vegas Pecan & Cattle Co., Inc. v. Zavala Co., 682 S.W.2d 254, 256
(Tex. 1984).  The determination of
whether a public right of way has been acquired by dedication is a question of
fact.  Lindner v. Hill, 691
S.W.2d 590, 591 (Tex. 1985).  

            Further, there must be
evidence that implies a donative intention on the landowner’s part when
considered in the light of his acquiescence in the public’s use of the
roadway.  See Baker v. Peace,
172 S.W.3d 82, 88 (Tex. App.–El Paso 2005, pet. denied).  Such evidence may include permitting public
authorities to grade, repair, improve, or fence off the roadway from the
remainder of the land.  Id.  Evidence of donative intent need not rise to
the level of an overt act or an explicit declaration.  Id.  It is enough that donative intent be inferred
from evidence that supports the landowner’s intent to acquiesce to the public’s
use of the roadway.  Id.  

            A dedication of a
roadway may be accepted through use by the public or local authorities.  See Miller v. Elliott, 94 S.W.3d
38, 45 (Tex. App.–Tyler 2002, pet. denied). 
A short period of use of a roadway is generally sufficient so long as
the use continues for such a period that it may be inferred that the public
desires to accept in perpetuity the offer of use.  Stein v. Killough, 53 S.W.3d
36, 42 (Tex. App.–San Antonio 2001, no pet.). 


            Moreover, evidence of
long and continued use by the public raises a presumption of dedication by the
owner when the origin of the land use and the ownership of the land at the time
the land use began cannot be shown due to the lapse of time.  See Steel v. Wheeler, 993
S.W.2d 376, 379 (Tex. App.–Tyler 1999, pet. denied).  For this presumption to apply, the origin of
the public use and the ownership at the time such use began must be “shrouded
in obscurity, and no proof can be adduced showing the intention of the owner
and allowing the use.”  Id.
(citing Dunn v. Deussen, 268 S.W.2d 266, 269 (Tex. Civ. App.–Fort
Worth 1954, writ ref’d n.r.e.)).

Legal Sufficiency

            In their second issue,
Appellants contend that there is no evidence to support the necessary element
that there was donative intent by the owner of the property upon which Ben
Weeks Road is located to support a finding of an implied dedication.  

            Findings of fact
entered in a case tried to the court are of the same force and dignity as a
jury’s answer to jury questions.  Anderson
v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991).  The trial court’s findings of fact are
reviewable for legal and factual sufficiency of the evidence to support them by
the same standards that are applied in reviewing the legal or factual
sufficiency of the evidence supporting a jury’s answer to a jury question.  Id.  Conclusions of law will be upheld on appeal
if the judgment can be sustained on any legal theory supported by the evidence;
they will not be reversed unless they are erroneous as a matter of law.  Texas Dep’t of Pub. Safety v. Stockton,
53 S.W.3d 421, 423 (Tex. App.–San Antonio 2001, pet. denied).

            If an appellant is
attacking the legal sufficiency of an adverse finding on an issue on which he
did not have the burden of proof,[2] the appellant must
demonstrate on appeal that there is no evidence to support the adverse
finding.  See Croucher v. Croucher,
660 S.W.2d 55, 58 (Tex. 1983).  Evidence
is legally insufficient when, among other things, there is a complete absence
of  evidence supporting a vital fact.  See Merrell Dow Pharms., Inc. v. Havner,
953 S.W.2d 706, 711 (Tex. 1997).  The
reviewing court views the evidence in the light most favorable to the verdict,
indulging every reasonable inference that would support it.  City of Keller v. Wilson, 168
S.W.3d 802, 822 (Tex. 2005).  

            The reviewing court
must credit evidence that supports the verdict if a reasonable fact finder
could do so and disregard contrary evidence unless a reasonable fact finder
could not.  Id. at
827.  In a bench trial, the trial court,
as fact finder, is the sole judge of the credibility of the witnesses.  Munters Corp. v. Swissco-Young Indus.,
100 S.W.3d 292, 296 (Tex. App.–Houston [1st Dist.] 2002, pet. dism’d).  The trier of fact has several alternatives
available when presented with conflicting evidence; it may believe one witness
and disbelieve others, it may resolve inconsistencies in testimony of any
witness, or it may accept lay testimony over that of experts.  McGalliard v. Kuhlmann, 722
S.W.2d 694, 697 (Tex. 1986); see also Hood v. Texas Indem. Ins.
Co.,  146 Tex. 522, 209 S.W.2d
345, 346 (1948) (The trial court, as finder of fact, may accept part of the
testimony of one witness and reject other testimony of the same witness.);
Munters Corp., 100 S.W.3d at 297 (The judge may take into consideration
all the facts and surrounding circumstances in connection with the testimony of
each witness and accept or reject all or any part of the testimony.).

            In the case at hand,
Jack testified that Ben Weeks Road was built in 1960 by the  county. 
He further testified that the public had used the road since that time.  Jack also said that the road had been used by
a state game warden.  He further related
that Lester, Sr. had put up a fence on both sides of the road after it was
constructed. 

            Squires testified that
the road was maintained by the county in 1993. 
Outlaw testified that county employees Breazeale and Wheeler had graded
the road during the 1960s.  Jones and
George testified that all of the precinct commissioners since the 1970s
believed the road was a public road. 
Considering the foregoing, we hold that there was legally sufficient
evidence to support the trial court’s finding that Ben Weeks Road was a public
road.  Appellants’ second issue is
overruled.  Factual Sufficiency

            In their third issue,
Appellants contend that there was factually insufficient evidence to support
the necessary element that there was donative intent by the owner of the
property upon which Ben Weeks Road is located to support a finding of an
implied dedication.  When evaluating a
factual sufficiency challenge, the reviewing court considers and weighs all of
the evidence in the case, both evidence supporting the trial court’s verdict
and evidence that tends to contradict the facts upon which the verdict is
based.  See In re King’s Estate,
244 S.W.2d 660, 661 (Tex. 1951).  In its
review, the court  may not substitute its
conclusions for those found by the trial court and will reverse only if it
concludes that the verdict is so against the great weight and preponderance of
the evidence as to be manifestly unjust. 
Id.; see also Dow Chem. Co. v. Francis, 46
S.W.3d 237, 242 (Tex. 2001).

            In the case at hand,
Appellants argue that gates were erected on Ben Weeks Road at varying times
since its construction to restrict public access, thereby causing the road to
be abandoned.  Constance Courtney, who
lives off FM 58, testified that she had never seen any member of the public
using the road.  Her husband, A.D.
Courtney, testified that he had only seen the public using the road to go out
to visit Ben Weeks, who was Jo Ann and Jack’s grandfather.  

            Coretta Watson (“Watson”),
an area resident for forty-five years, testified that she had seen the public
using the road only to visit those people living on the road.  Watson further testified that she had never
seen county employees maintain the road. 
Jo Ann, Frank, Lucy, and Brenda each testified that no one other than
their family or people visiting their family ever used the road.  They also testified that there had been gates
on the road at times, which prevented the public from using the road.  Jack and Lester, Jr. also testified that, at
various times, there had been a gate on the road.          Appellants
further note that while some photographs admitted in evidence show that there
were no fences along Ben Weeks Road, other photographs indicate that the
opening of Ben Weeks Road where it met FM 58 was fenced and gated.[3] 

            Brenda also contends
that when Lester, Jr. in 1983 sold Jo Ann the two acres over which Ben Weeks
Road passes, he specifically granted her an easement in the property.  Brenda argues that the granting of this
easement indicates that the road was private at that time.  Yet, the grant of an easement does not change
the fact that the road had been previously dedicated to public use.  See Graff v. Whittle, 947
S.W.2d 629, 635 (Tex. App.–Texarkana 1997, pet. denied) (A subsequent
transaction does not effect an implied dedication.).  

            Moreover, even if all
of the aforementioned evidence was of such a caliber to cause us to conclude
that the trial court’s verdict was manifestly unjust, Appellants fail to
address that Ben Weeks Road led to a private cemetery and, therefore, could not
be abandoned as a public road.  See
Tex. Transp. Code Ann. §
251.057(b)(1) (Vernon 1999).

            We have reviewed the
record in its entirety.  Having done so,
we cannot conclude that the verdict is so against the great weight and
preponderance of the evidence as to be manifestly unjust.  Therefore, we hold that the evidence is
factually sufficient to support the trial court’s conclusion that Ben Weeks
Road is a public road.  Appellants’ third
issue is overruled.  

Donative Intent and County Maintenance

            In their first issue,
Appellants argue that the trial court placed improper emphasis on the county’s
maintenance of Ben Weeks Road in concluding that the landowner possessed the
requisite donative intent.  In response
to Appellants’ second issue, we have held that the evidence was legally
sufficient to support the trial court’s conclusion of law that Ben Weeks Road
is a public road.  We iterate that
conclusions of law will be upheld on appeal if the judgment can be sustained on
any legal theory supported by the evidence. 
See Stockton, 53 S.W.3d at 423. Moreover,
permitting public authorities to grade, repair, or otherwise improve the
roadway is among the factors to be considered in determining donative
intent.  See Baker, 172
S.W.3d at 88.  As we have held that the
evidence is legally sufficient to support the trial court’s conclusion of law
that Ben Weeks Road is a public road by virtue of its implied dedication, we
need not consider Appellants’ first issue.

 

Disposition

            We have not considered
Appellants’ first issue.  Having
overruled Appellants’ second and third issues, we affirm the
trial court’s judgment.

                                                                                         JAMES T. WORTHEN    

                                                                                                     Chief Justice

Opinion
delivered March 7, 2007.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

(PUBLISH)











[1] Both
Jones and George were former Angelina County Commissioners for Precinct 4.





[2] The burden of proof is not
determined by the position of the parties on the docket as plaintiff or
defendant in a declaratory judgment action.  See McCart v. Cain, 416
S.W.2d 463, 466 (Tex. Civ. App.–Fort Worth 1967, writ ref’d n.r.e.).  Rather, the burden of proof is on the party
who, upon the pleadings, asserts the affirmative claim, and who, therefore, in
the absence of evidence will be defeated. 
Id.  Thus, Angelina
County, as the party who asserted that an implied dedication occurred, bore the
burden of proof on that issue.  See W.
D. Dinwiddie v. Am. Trading and Prod. Corp., 373 S.W.2d 867, 868 (Tex.
Civ. App.–El Paso 1963, no writ).





[3] The record reflects that such photographs were taken “recently,” and
therefore did not show the property as it existed in the 1960's or early
1970's, the pertinent time period in which the evidence supports that Ben Weeks
Road was dedicated to public use.