MARIA A. DONAHOE & another *vs.* J. HUBERT TURNER.

Suffolk.   November 22, 1909. — January 7, 1910.

Present : KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Equity Pleading and Practice,* Agreed statement of facts, Statements of counsel. *Equitable Restrictions.   Equity Jurisdiction,* To enforce restriction on land. *Deed,* Construction.

In a suit in equity an agreed statement of facts is not treated as such a statement would be in an action at law in regard to the power of the court to draw inferences.   In equity the facts, although they are agreed without any stipulation that the court may draw inferences, are to be treated as evidence with power on the part of the court to draw such inferences from them as are warranted.

On an appeal in a suit in equity where the case was presented to the trial judge upon an agreed statement of facts, and there also were presented to him "the statements of counsel in explanation and elucidation" of the "agreed statement of facts," such statements of counsel, although helpful to this court in showing the contentions of the parties, cannot be regarded as constituting a part of the evidence on which the case was heard, and the case must be dealt with on the basis that all the evidence which was before the judge is contained in the agreed statement of facts.

In a suit in equity to enforce an alleged restriction on land, where it appears that the lots of the plaintiff and the defendant formerly were parts of a large tract of land owned by one person, and the contention of the plaintiff is that such former owner established a building scheme applicable to the entire tract, if it is shown that, although such former owner made conveyances of portions of the tract which were subject to restrictions, he also conveyed large portions of it without any restrictions whatever, that the conveyances free from restrictions included two corner lots and that the size and position of the lots conveyed without restrictions were such that they cannot be regarded as unimportant and insignificant, the plaintiff has failed to prove the establishment of any general building scheme for the entire tract, especially where there is a difference in the restrictions which were imposed.

A recital in a deed that the premises are conveyed "subject to the restrictions, if any now exist," contained in the deed of a predecessor in title of the grantor, must be regarded as merely precautionary and does not create and impose restrictions if none existed.

MORTON, J.   This is a bill in equity to restrain the defendant from erecting on land belonging to him in the Dorchester district in Boston a building in violation of certain building restrictions to which it is alleged such land is subject in favor of the plaintiffs.   There was a hearing upon the merits,[*] the facts being

---

[*] In the Superior Court before *Wait,* J.

agreed to, and a decree was entered dismissing the bill as to both plaintiffs, and they both appealed. Subsequently the plaintiff Donahoe withdrew her appeal. The case is before us now upon the appeal of the plaintiff Feeley alone who will be spoken of as the plaintiff.

The lots belonging to the plaintiffs and the defendant respectively were formerly parts of a large tract owned by one Mary E. Rhodes, and the contention of the plaintiff is that she established a general building scheme applicable to the entire tract. The judge who heard the case found against the plaintiff on the issue thus presented, his finding being that "there was no general scheme of restriction applicable to the large tract once held by Mary E. Rhodes." The plaintiff contends that the finding thus made is wrong, and that is the sole question before us.

It is to be observed that although the case was heard upon an "agreed statement of facts" it stands differently in respect to the power of the court to draw inferences from what it would if instead of being a suit in equity it were an action at law. The facts, though agreed, are to be treated as evidence with power on the part of the court to draw such inferences from them as may be warranted. "The statements of counsel in explanation and elucidation" of the "agreed statement of facts," though, no doubt, helpful to the court, cannot be regarded as constituting a part of the evidence on which the case was heard. The case must be dealt with on the footing that all of the evidence that was before the court is contained in the agreed statement of facts.

We do not see how any other conclusion could have been reached than that arrived at by the judge. If we assume in the plaintiff's favor that the conveyance of the two corner lots on North Monroe Terrace without restrictions would not have been inconsistent with the establishment of a general scheme for the entire tract, the difficulty is that although the original proprietor made conveyances of portions of the tract which were subject to restrictions, she also conveyed large portions of it free from any restrictions whatever. Those conveyances, when taken in connection with the conveyances of the two corner lots already referred to, which from their size and position cannot be regarded as unimportant and insignificant, necessarily negative, it seems to us, the establishment of any general building scheme for the

entire tract. The case differs, therefore, very materially from *Hano* v. *Bigelow,* 155 Mass. 341, particularly relied on by the plaintiff, and from *Hopkins* v. *Smith,* 162 Mass. 444, also relied on by the plaintiff. Moreover there was a difference in the restrictions that were imposed which also would tend to show that there was no general scheme.

The conclusion to which we have come on the principal question in the case renders it unnecessary to consider whether the erection of the building complained of would constitute a violation of the restriction relied on, namely, that no apartment house should be built on the premises belonging to the defendant.

The recitals in the deeds in the defendant's chain of title that the premises conveyed are " subject to the restrictions, if any now exist," mentioned in a prior deed from the said Rhodes to one Spooner, must be regarded, we think, as merely precautionary. They did not create and impose restrictions if none existed.

*Decree affirmed.*

The case was submitted on briefs.

*R. Clapp,* for the plaintiff Mabel F. Feely.

*J. F. Cronin & C. H. Cronin,* for the defendant.