CHARLES P. WEBBER & others, trustees, *vs.* JAMES T. LANDRIGAN, trustee.

Suffolk.  January 10, 1913. — June 17, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Equitable Restrictions.*

A purchaser of a tract of land facing on a street in a city divided it into six lots. Three of these lots he conveyed with a restriction in each deed that all buildings thereafter erected thereon should be set back on a line with the building then thereon.  Two other of the lots he conveyed with the restriction that all buildings erected thereon should be set back at least ten feet, excepting that a circular front might project two feet and six inches farther.  The sixth lot he conveyed last, subject to no restriction.  None of the deeds referred to any plan showing that the lots were subject to restrictions and none of them expressed any intent to benefit the other lots by the restriction.  *Held,* that no general scheme was established by the common grantor, on which to found a right in the owner of one of the lots to enforce in equity the restriction imposed on the holder of another of the lots by his deed or the deed of a predecessor in title.

MORTON, J.  This is a petition brought in the Land Court by the trustees under the will of John P. Webber, late of Brookline, to register and confirm their title to a certain lot of land situated at the corner of Shawmut Avenue and Worcester Street in Boston. The petitioners seek to register their title free, so far as the respond-

ent is concerned, from certain restrictions which appear of record in the deeds of their predecessors in title and which the respondent as the owner of the adjacent lot seeks to enforce against them. The lot belonging to the petitioners and that belonging to the respondent constitute parts of a larger tract conveyed by the city of Boston to H. Hollis Hunnewell by deed dated June 26, 1855, and recorded July 16, 1855, and subdivided by him into six lots; and the question submitted to the Land Court was whether upon all the evidence as matter of law a general scheme was established by Hunnewell which created an equitable easement for the benefit of the respondent. The Land Court found that no such general scheme was contemplated or established, and ordered a decree for the petitioners free from restrictions. The respondent excepted to this finding and order.

We think that the ruling of the Land Court * was right. Three of the six lots into which the tract was subdivided by Hunnewell were conveyed by him subject to similar restrictions, namely, "that all buildings that may hereafter be erected on said premises shall set back from Worcester Street on a line with the building now erected thereon." Two were conveyed subject to different restrictions, namely, "that all buildings that shall be erected on the premises, shall set back from Worcester Street, at least ten feet, excepting however that in case circular front buildings shall be placed thereon; this restriction shall not prevent the building the circular part of said front in front of said line of ten feet; provided however that the projection or swell made by said circle shall not be more than two feet, six inches from the line last mentioned, viz.: ten feet back from Worcester Street." And the sixth and last lot was conveyed subject to no restrictions. It is true that this was conveyed to a Mr. Pratt who had been Hunnewell's confidential man of business for fifty years and who drew his deeds, and that when Pratt conveyed it a year later the deed contained a restriction similar to that in the first three deeds. But there is nothing to show that Hunnewell had anything to do with the insertion of the restriction or that the conveyance by him to Pratt was not an absolute conveyance, and it is manifest, we think, from the original deeds that no general plan or scheme in

---

* Made by *Davis*, J.

regard to restrictions was contemplated or established by Hunne-well.   No doubt it was expected that the restrictions would benefit the premises which were subjected to them, and a common advantage to all of the lots may thus have been anticipated.   But that is far from establishing a general scheme or plan.   *Noyes* v. *Cushing,* 209 Mass. 123.   The difference in the restrictions cannot be regarded, we think, as unimportant, nor the conveyance of the sixth lot without restrictions as an insignificant circumstance and so as bringing the case within *Hano* v. *Bigelow,* 155 Mass. 341, and *Bacon* v. *Sandberg,* 179 Mass. 396.

In addition to the difference in the restrictions in the two groups of original conveyances in which restrictions were inserted and the conveyance of the sixth lot without restrictions, it is to be noted that there was no plan by Hunnewell showing that the lots were subject to restrictions, and there is no language in the deeds under which the petitioners and respondent respectively claim from which any intent can be gathered to annex the benefit of the restrictions to which the petitioners' lot is subject to the premises belonging to the respondent, both of which were deemed matters of some importance by Bigelow, C. J., in *Badger* v. *Boardman,* 16 Gray, 559.   Besides the cases referred to above see *Donahoe* v. *Turner,* 204 Mass. 274; *Dana* v. *Wentworth,* 111 Mass. 291; *Sharp* v. *Ropes,* 110 Mass. 381; *Jewell* v. *Lee,* 14 Allen, 145.

*Exceptions overruled.*

The case was submitted on briefs.

*J. A. Curtin,* for the petitioners.

*J. R. Murphy & D. H. Fulton,* for the respondent.