SAINT PATRICK'S RELIGIOUS, EDUCATIONAL AND CHARITABLE ASSOCIATION OF MASSACHUSETTS *vs.* CHARLES E. HALE & others.

Middlesex.   April 2, 1917. — May 25, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Deed,* Of corporation.   *Disseisin.   Equitable Restrictions.*

A deed of land belonging to a corporation, purporting to be the deed of the corporation and reciting in the *in testimonium* clause that it was signed and sealed by the corporation's treasurer in its behalf, was signed by the treasurer in his own name, had affixed to it an ordinary wafer seal, and was acknowledged by the treasurer as his deed.   The grantee took possession of the premises.   About two years later the corporation made a second deed of the premises, which was executed and acknowledged properly and stated that it was "made in correction of" the previous deed.   *Held,* that the title of the grantee under the deeds was not that of a disseisor or adverse holder, but was derived from the deed of the corporation.

The conveyance above described was made subject to a restriction set forth in the deeds to the effect that no building except a dwelling house and buildings appurtenant thereto should be erected on the premises.   The land was designated on a plan and the corporation and its immediate predecessors in title had owned the entire tract shown on the plan.   While it appeared that such former owners had conveyed portions of such tract subject to restrictions, it also appeared that such restrictions varied in nature and degree and that a number of lots, the size and position of which could not be regarded as unimportant and insignificant, had been conveyed without restrictions; and it was *held* upon a petition in the Land Court by a successor in title to the grantee from the corporation, that no

general scheme for the improvement of the entire tract was shown, that adjoining owners had no right to enforce the restrictions in the deed from the corporation, and that the title of the petitioner should be registered free from incumbrances.

PETITION, filed in the Land Court on December 28, 1915, and afterwards amended, seeking registration free from restrictions of the title to land at the corner of Lexington Street and Beach Street in the town of Belmont.

The respondents, the owners of adjoining land, contended that the land was subject to certain restrictions which were for the benefit of their land and the land of others.

The case was heard in the Land Court by *Davis*, J. Material facts are stated in the opinion.

The petitioner contended in the Land Court that Patrick Kelly, its predecessor in title and through whom it derives title to its land, in 1862 entered upon the premises described in the petition under the first deed described in the opinion, which, it alleged, was a void deed, and that such entry, under a claim of right, was the beginning of an adverse possession which had been held by him and his successors in title, and was open, adverse, exclusive, known and continuous from 1862 to date of the petition to register title in 1915. Therefore the petitioner claimed that its title to the land should be registered free and clear of the restrictions.

The entire *in testimonium* clause of the deed of 1862 to Patrick Kelly, described in the opinion, was as follows:

"In witness whereof the Treasurer of said Corporation being duly authorized therefor has hereunto set the Corporate seal and subscribed his name in attestation thereof this Eighteenth day of August in the year of our Lord Eighteen hundred and sixty two.

D. L. Demmon [ordinary L.S. wafer seal]<br>Treas.

"signed sealed and delivered in presence of — seventeen printed words erased & three changed to nine.

William Atherton."

The acknowledgment clause of this deed read as follows:

"Then personally appeared the within named D. L. Demmon Treasr. and acknowledged the foregoing instrument to be his free act and deed."

Both of the deeds described in the opinion contained, after the

description of the premises and before the habendum clause, the following:

"Subject to the following restrictions, that no building shall ever be erected on the above granted premises or used excepting as a dwelling house and buildings appurtenant thereto."

The judge of the Land Court found that there was not any general scheme of improvement and restriction and ruled that, while the petitioner's lands were subject to the restriction contained in the deeds to Kelly, that restriction was for the benefit of the Waverley Company only, and he ordered a decree for the petitioner accordingly. To such rulings each of the parties excepted, and at the request of both parties the judge reported the case for the determination of this court.

The case was submitted on briefs.

*P. S. Cunniff,* for the petitioner.

*A. P. Stone,* for the respondents.

PIERCE, J. The deed to Patrick Kelly, predecessor in title to the petitioner, in 1862 is in form a deed of warranty. In the premises it is expressed to be the deed of the Waverley Company, a corporation. It contains covenants of seisin, of freedom from incumbrances, and of warranty. It then proceeds as follows: "In witness whereof the Treasurer of said Corporation being duly authorized therefor has hereunto set the Corporate seal and subscribed his name in attestation thereof this Eighteenth day of August in the year of our Lord Eighteen hundred and sixty two." The instrument was not signed in the name of the corporation or by its treasurer on behalf of the corporation thereunto duly authorized. The mere sealing and delivery of the instrument without signature were not sufficient to transfer title. Gen. Sts. c. 89, § 2. *Brinley* v. *Mann,* 2 Cush. 337. See *Abbey* v. *Chase,* 6 Cush. 54; *Haven* v. *Adams,* 4 Allen, 80; *Hutchins* v. *Brynes,* 9 Gray, 367; *Murphy* v. *Welch,* 128 Mass. 489.

The disseised corporation before entry could convey its right of entry and a title valid as to all the world save as against the person in adverse possession and those claiming under him. *McMahan* v. *Bowe,* 114 Mass. 140. And before St. 1891, c. 354, it had long been held that a deed of a disseisor to a disseisee in possession was good between the parties without entry. *Jackson* v. *Demont,* 9 Johns. 56. *Everenden* v. *Beaumont,* 7 Mass. 76. *Bon* v.

*Graves,* 216 Mass. 440, 445.  The production of the second deed
dated November 29, 1864, "made in correction of deed of same
property dated August 18th, 1862 and recorded with Middlesex
deeds" acknowledged and recorded November 29, 1864, is evi-
dence of its due delivery.  *Butrick* v. *Tilton,* 141 Mass. 93.  The
original deed and the deed of confirmation were made subject to
the restrictions "that no building shall ever be erected on the
above granted premises or used excepting as a dwelling house and
buildings appurtenant thereto."

The petitioner seeks to register title to the land described in
the above named deeds, free from restrictions, claiming title by
adverse possession.  We are of opinion that the title of the pre-
decessor in title of the petitioner was derived from the deed of the
Waverley Company and was not that of a disseisor or adverse
holder.  It follows that the title of the petitioner is subject to the
restriction contained in the deed through which he derives his
title.

The respondents say that the land is subject to restrictions
which were imposed as a part of a general scheme for the develop-
ment of a residential neighborhood.  The Land Court found there
was not any general scheme and ruled that, while the petitioner's
lands were subject to the restrictions contained in the deeds to
Kelly, the restriction was for the benefit of the Waverley Company
only, and ordered a decree for the petitioner accordingly.  We
think the ruling was right.  The Waverley Company before its
incorporation in 1855 had divided a large tract of land, now parts
of Watertown and Belmont into lots as is shown on a plan re-
corded in the Middlesex South District Registry of Deeds.  In 1853
and 1854 it conveyed seven lots or parts of lots, without restric-
tions.  In 1854 it conveyed a large tract subject to the restriction
"That no building shall ever be erected on the aforegranted prem-
ises or used except as a dwelling house and buildings appurtenant
thereto, or for purposes not offensive to the neighborhood."  Then
there were twelve deeds of various lots with restrictions similar to
that in the deed of the petitioners.  After the incorporation in
1855, the directors, under the authority of the by-laws to execute
deeds with such "restrictions as they deem advisable," conveyed
the land sought to be registered to the petitioners; then conveyed
lots without restrictions; others with restrictions "against any-

thing but dwelling houses;" others with the restriction "That no building shall ever be erected on the above granted premises or used which can be construed as a nuisance;" others "That neither the said land nor any building erected or to be erected thereon shall be used for any trade, occupation or purpose injurious to the value of the land of the said Waverley Company or its grantees, or offensive to the dwellers thereon."

As stated in the report the restrictions in the deeds of the lots in the immediate neighborhood of the land now in question varied entirely. The lots of the respondent Hale estate adjoining the petitioner's land on the east were conveyed in 1854 and 1860 without restrictions. That of the respondent Chandler, immediately adjoining on the north, was conveyed in 1854 subject to the same restrictions as in the Kelly deeds; but the lot immediately on the north of that, was conveyed in 1853 without restrictions. On the opposite corner to the land in question the lots were sold in 1858 and 1860 without restrictions.

The petitioner's lots are in the southwest corner of a block. At the northeast corner of the same block a lot was conveyed without restrictions; a lot across the street was conveyed subject to a restriction against injurious or offensive use, a lot on the corner diagonally opposite without any restrictions, and a lot on the remaining corner subject to the restriction against "anything but dwelling houses."

The case falls within decisions like *Donahoe* v. *Turner*, 204 Mass. 274, and *Webber* v. *Landrigan*, 215 Mass. 221; and is unlike the class of cases of which *Hano* v. *Bigelow*, 155 Mass. 341, is the type.

                                        *Decree affirmed.*