**Gilbert T. ADAMS et al., Appellants,**

**v.**

**Jane OWENS, Appellee.**

**No. 7624.**

Court of Civil Appeals of Texas, Beaumont.

Jan. 9, 1975.

Adams & Browne, Beaumont, for appellants.

Wells, Duncan, Beard, Greenberg & Hunt, Beaumont, for appellee.

STEPHENSON, Justice.

Jane Owens, as plaintiff, filed this suit as a class action seeking a declaratory judgment. The subject of the suit is the construction of restrictions on Blue Star Addition, commonly known as Thomas Road. The relief sought by plaintiff is that a proposed sale would not violate the restrictive covenants. Gilbert T. Adams, Ewell Strong, and Fritz H. Seewald were named as defendants representing the class sued.

Strong and Seewald each filed answers admitting that plaintiff had a good cause of action. In an amended answer, Strong alleged that he was representing only him-

self, and not a class in this suit. Then, Strong filed a motion for summary judgment and prayed for the same relief sought by plaintiff in her original petition. Seewald, and plaintiff, each filed a motion in support of Strong's motion for summary judgment and asked that it be granted. Upon hearing, the motion for summary judgment was granted from which Adams brings this appeal.

## The Controversy

Plaintiff owned a substantially rectangular tract of land (lot 15) in the Blue Star Addition, fronting on Thomas Road, 288.38 feet, which was the east line of lot 15. The north line was 304.2 feet, the west line, 288.43 feet, and the south line, 299.2 feet. Adams owned lot 16, and his north line was plaintiff's south line. Plaintiff proposed to sell a part of her lot fronting 117 feet on Thomas Road, and Adams objected to the sale because of the south line of the part to be sold would be 299.28 feet. Restrictions on this property provide that no residential structure shall be erected on a tract having a frontage of less than 100 feet on Thomas Road, with a depth of not less than 300 feet. Plaintiff then purchased a 1 foot strip along the back (west line) so the south line would be in excess of 300 feet. Plaintiff then filed this suit for a declaratory judgment that a proposed sale and construction of a residence on the tract sold would not violate the restrictions. Strong and Seewald each own lots in this addition.

## Plea In Abatement

Adams filed a plea in abatement asking that the original action be abated until all of the owners of lots in Blue Star Addition are made parties to this suit. Such plea contained a long list of names alleged to be owners of property in such addition. Adams has a point of error that the trial court erred in overruling his plea in abatement because the other persons named were necessary parties, and the named defendants could not represent the class. This point is overruled.

Texas Rules of Civil Procedure, rule 42(a) reads as follows:

"*Representation.* If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is

"(1) joint, or common or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it;

. "(2) several, and the object of the action is the adjudication of claims which do or may affect specific property involved in the action; or

"(3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

The record before us shows that this is the type of situation uniquely designed for a class action. As shown by Adams' plea in abatement, the persons constituting the class here are so numerous that it would be impractical to bring them before the trial court. The construction of the restrictions in this addition is a question touching each owner of lots in the addition, with common questions of law and fact.

A somewhat similar question arose in Davis v. Congregation Shearith Israel, 283 S.W.2d 810 (Tex.Civ.App.—Dallas 1955, writ ref'd n.r.e.). In this case, the church brought a declaratory judgment suit as a class action to determine whether or not restrictions would prevent it from erecting and using a church in an addition. The precise point passed upon in that case was whether certain property owners, not made parties to the suit, were necessary and in-

dispensable parties. That court held the facts and circumstances presented a class suit. See also, Leach v. Brown, 298 S.W.2d 185 (Tex.Civ.App.—San Antonio 1956, writ ref'd n.r.e.).

■ Tex.R.Civ.P. 42 does not state how many persons should be named to represent a class but, as shown above, includes these words:

" . . . one or more, as will fairly insure the adequate representation of all . . ."

Here three persons were named to represent the class, and two of the three agreed with the contention made by the plaintiff while the third disagreed. We recognize the rule that a member of a class, although not an actual party to the suit, is bound by the judgment only when true representatives of his class are made parties and he received adequate representation. Knioum v. Slattery, 239 S.W.2d 865, 868 (Tex.Civ.App.—San Antonio 1951, writ ref'd).

Unquestionably, as demonstrated by the record in this cause, defendant Adams has represented with vigor and ability, the contentions of the class opposed to the plaintiff's contentions. Additionally, we note that there has been no dismissal, compromise, or failure to urge any tenable grounds of defense. The court did not err in overruling Adams' plea in abatement. See City of Dallas v. Dixon, 365 S.W.2d 919, 926 (Tex.1963).

### The Merits

There is no contention that the restrictions in question are ambiguous. They were carefully drawn and clearly indicate that all of the property in Blue Star Addition is to be used as residential tracts with minimum dimensions. A residential tract carved out of plaintiff's property was required to have a frontage of 100 feet on Thomas Road with a depth of not less than 300 feet. The plat of this addition shows the south line of the tract of land involved in this suit would be 299.28 feet, or .72 of a foot less than 300 feet.

■ We affirm the judgment of the trial court on the old legal maxim, de minimis non curat lex. The restrictive covenants, in effect, require a residential tract of land to contain 30,000 square feet of land, with a minimum of 100 feet on Thomas Road. The tract of land involved in this suit contains more than 30,000 square feet of land and more than 100 feet fronting on Thomas Road. The covenants require the depth of this tract of land to be 300 feet, and it is short of that distance by .72 of a foot, or about 8 inches. Eight inches is only .22 percent of 3600 inches. We hold that, as a matter of law, 8 inches as related to 300 feet is an insubstantial violation of the restrictive covenants.

We find few cases in Texas involving the maxim, "de minimis." In Foster v. Bunting, 19 S.W.2d 784 (Tex.Civ.App.—Texarkana 1929, no writ), the question before the court was a violation of a restrictive covenant which prevented the erection of a building within 25 feet of the front line. The record showed the building in question was about 6 inches within the required distance. Injunctive relief was denied, and "de minimis" was mentioned in the opinion.

Our decision is in accord with the views of Justice Johnson as set out in Viking Homes, Inc. v. Larkin, 452 S.W.2d 25 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ). As the court pointed out in Larkin:

"In the instant case the structure encroaches almost one-half of the entire building set back area [nine and one-half feet of the twenty foot area] . . . It does not approach the de minimis non curat lex maxim, as in Foster v. Bunting, Tex.Civ.App., 19 S.W.2d 784, no writ hist., where the violation was only six inches [out of twenty-five feet]." (Bracketed material inserted)

We hold that reasonable minds could not differ in concluding that 8 inches less than 300 feet is not a substantial violation of the restrictive covenants in this case.

Affirmed.