**Dayton G. WILEY, Appellant,**

v.

**Mr. and Mrs. Donald F. SCHORR et al., Appellees.**

No. 16267.

Court of Civil Appeals of Texas, San Antonio.

Nov. 21, 1979.

Rehearing Denied Jan. 16, 1980.

OPINION

MURRAY, Justice.

Appellees filed this class action seeking a declaratory judgment that their land is not burdened by any valid or enforceable restrictive covenants running with the land.

In 1929, H. J. Shearer, the developer of Dream Hill Estates Subdivision, filed a plat containing approximately 145 lots in the Plat Records of Bexar County. Shearer did not place any restrictions governing the use of the property on the plat filed of record. Shortly thereafter, Shearer conveyed a lot in the subdivision by warranty deed. The deed contained restrictions which prohibited, among other things, commercial use of the property, but did not obligate Shearer to restrict lots retained by him. Subsequently, Shearer conveyed five lots to Anita Hill. The deed to Hill contained no restrictions on the use of the property. In 1933, Shearer sold approximately 113 lots to the Fulton Property Company (Fulton) without restrictions.

During the next nineteen months Fulton conveyed some of these lots to various parties by deeds containing identical restrictions which prohibited, among other things, commercial use of the property. In 1940, Fulton sold approximately fifty-five lots to James Houston. Although the Deed to Houston did not contain any specific restrictions, the conveyance was made subject to any restrictions then in force in the subdivision. Between 1946 and 1948 various property owners in the subdivision executed three Agreements as to Restrictions. The agreements, which prohibited commercial use, were similar to the restrictions that Fulton placed on lots it conveyed in 1933 and 1934. The first agreement was signed by the owners of sixteen lots. The second and third agreements were signed by owners of two and seven lots, respectively. Previous owners of some of the appellees' lots signed the Agreements as to Restrictions. The remainder of appellees' properties were encumbered by the restrictions

Tom Joseph, King, Joseph & Baucum, San Antonio, for appellant.

John R. Heard, San Antonio, for appellees.

imposed by Fulton on lots it conveyed in 1933 and 1934. In an answer to special issues the jury found that the common grantor, H. J. Shearer, did not create a common plan or scheme for the development of Dream Hill Estates. The jury also failed to find from a preponderance of the evidence that the Agreements as to Restrictions did not create a common plan or scheme of restrictions.[1] Upon motion, the trial court rendered judgment N.O.V. in favor of the appellees. From this judgment appellant has perfected· his. appeal to this court.

Appellant contends that the trial court erred in holding that all of the properties located in Dream Hill Estates were properly joined as a class. The gist of appellant's complaints is that the parties who defended the action did not adequately represent the interests of certain lot owners. Specifically, it is asserted that those who executed the Agreements as to Restrictions and those owners whose lots were reserved for commercial use by Fulton were not adequately represented.

Generally, a judgment is binding only upon the parties to the controversy. A well-established exception to this principle is the doctrine of virtual representation or class action. The equity courts of England long ago recognized that it is not always practical or possible for all proper parties to a controversy to appear before the court. See Comment, *The Doctrine of Virtual Representation in Texas*, 11 S.W.L.J. 210, 210 (1957). Thus, the doctrine provides that absent parties can be virtually represented by persons before the court whose interests are identical with those not joined.

Since their inception the Texas Rules of Civil Procedure have provided for class actions when the proper parties to a controversy are so numerous that to bring them

all before the court would be impracticable. See Tex.R.Civ.P. 42(a) (1941) (amended 1977). The rule further provided that as few as one member of the class could sue or be sued on behalf of the entire class provided the interests of all were adequately represented. See id. Appellees brought this class action seeking a declaratory judgment that their land was not burdened by any enforceable covenants imposed on Dream Hill Estates Subdivision. Thus, the lot owners of all of the approximately 145 lots in the subdivision were proper parties to the action. In a case with similar facts the Beaumont Court of Civil Appeals stated: "this is the type of situation uniquely designed for a class action. . . . ." *Adams v. Owens*, 519 S.W.2d 260, 261 (Tex.Civ.App. —Beaumont 1975, writ ref'd n. r. e.). The court reasoned that it would be impractical to bring all of the proper parties before the trial court. See id. at 261.

In the instant case, there are essentially two classes interested in the outcome of the litigation: those who sought to have their lots declared to be free from restrictions, and those who want the subdivision. burdened by restrictions. Cf. *Hansberry v. Lee*, 311 U.S. 32, 44, 61 S.Ct. 115, 119, 85 L.Ed. 22 (1940) (those attempting to enforce covenants not of same class as those challenging them). Thus, in order to insure that the class of defendants was adequately represented, the appellees were obligated to join a defendant or defendants who would vigorously represent those interested in enforcing any scheme of restrictions that might exist in the subdivision. See Tex.R. Civ.P. 42(a) (1941) (amended 1977).[2] The record reveals that the four defendants named in appellees' original petition were plaintiffs in a previous suit to enjoin a lot owner in the subdivision from opening a

1. *Question No. 2*: Do you find from a preponderance of the evidence that the instrument entitled Agreement as to Restrictions, dated December 3, 1946, and appearing at Volume 2337, page 239 of the Deed Records of Bexar County, Texas, did not create a general plan or scheme of restrictions applicable to the lots in Dreamhill Estates Subdivision. Answer "Yes" or "No."

We, the jury, answer: NO

Special Issues three and four inquired whether the other Agreements "did not create a general plan or scheme of restrictions applicable to the lots in Dreamhill Estates Subdivision."

2. This action was brought before the 1977 amendment to Rule 42 became effective.

commercial enterprise. Furthermore, there was testimony that one of the defendants, an attorney, solicited community support to defend this lawsuit. The defendants vigorously represented those interested in enforcing any scheme of restrictions that might exist in the subdivision. Consequently, the fact that none of the parties who defended the action signed one of the Agreements as to Restrictions or owned a lot reserved for commercial use, is immaterial. We hold that the appellees complied with the provision of Rule 42 requiring the joinder of as many parties "as will fairly insure the adequate representation of all . . . ." Tex.R.Civ.P. 42(a) (1941) (amended 1977). Thus, the trial court did not err in holding that all of the properties located in Dream Hill Estates were properly joined as a class.

Appellant argues that the three Agreements as to Restrictions created a general plan or scheme for the development of Dream Hill Estates. We disagree.

■■ It is well settled in this state that owners of property may by agreement, apart from a conveyance, create binding restrictions on the use of their property. *See, e. g., Wald v. West MacGregor Protective Association*, 332 S.W.2d 338, 343 (Tex. Civ.App.—Houston 1960, writ ref'd n. r. e.); *Goodstein v. Huffman*, 222 S.W.2d 259, 260–61 (Tex.Civ.App.—Dallas 1949, writ ref'd); *Clements v. Taylor*, 184 S.W.2d 485, 487 (Tex.Civ.App.—Eastland 1944, no writ). Moreover, it is not necessary that there be a general scheme to restrict all of the lots in an addition or subdivision. Thus, an effective agreement could arise from a plan "to restrict the lots in only one block, or those facing on only one street." *Goodstein v. Huffman*, 222 S.W.2d 259, 261 (Tex.Civ. App.—Dallas 1949, writ ref'd). In order for a neighborhood scheme of restrictions to be binding, however, the restrictions must be universal. Therefore, if an agreement purports to restrict all of the lots in a designated area, the restrictions must apply to all lots of like character in that area. *See Cannon v. Ferguson*, 190 S.W.2d 831, 834–35 (Tex.Civ.App.—Fort Worth 1945, no writ) (seventy-five per cent of lot owners in neighborhood signed agreement; restrictions held to be unenforceable). The three Agreements as to Restrictions, by their very terms, purported to restrict the entire subdivision. Since the plan was not joined in by all of the lot owners, the Agreements did not create enforceable restrictions. *See id.* at 834–35.

■ Appellant's contention that the answers to questions two, three, and four are findings that the Agreements as to Restrictions created a general plan or scheme is without merit. The jury's failure to find from a preponderance of the evidence that the Agreements did not create a general plan or scheme is not a finding from a preponderance of the evidence that the Agreements did create a general plan or scheme. *See C & R Transport, Inc. v. Campbell*, 406 S.W.2d 191, 194 (Tex.1966).[3]

■ We disagree with appellant's assertion that the Fulton Company established a general plan or scheme for the development of Dream Hill Estates. Of its approximately 113 lots, Fulton conveyed six with identi-

---

3. Special Issues two, three and four improperly placed the burden of proof on the appellees. Since the defendants were seeking to enforce restrictive covenants, they had the burden of proving that the Agreements as to Restrictions created a general plan or scheme for the development of Dream Hill Estates. *See Burns v. Wood*, 482 S.W.2d 295, 297 (Tex.Civ.App.— Fort Worth 1972), *aff'd*, 492 S.W.2d 940 (Tex. 1973) (on motion for rehearing). Although ordinarily the plaintiff has the primary burden of proof, there is no inflexible rule which automatically places the burden of proof on the party who initiates the action. Generally, the burden of proof is imposed on the plaintiff not because he files his petition first, but because he is seeking affirmative relief. *See Pace Corp. v. Jackson*, 155 Tex. 179, 193–94, 284 S.W.2d 340, 350 (1955). Therefore, the placing of the burden of proof in a declaratory judgment action is not determined by the formal position of the parties. *See id.* at 193–94, 284 S.W.2d at 350. The general rule that one who seeks to enforce a restrictive covenant has the burden of establishing its existence is not rendered inoperative when the party seeking to enforce a restriction is the defendant in a declaratory judgment action. *See McCart v. Cain*, 416 S.W.2d 463, 465 (Tex.Civ.App.—Fort Worth 1967, writ ref'd n. r. e.).

cal restrictions prohibiting commercial use. Additionally, the record reveals that approximately fifty-five lots were conveyed to James Houston. There is no evidence, however, whether the balance of Fulton's lots were conveyed with restrictions or not. Houston's deed contained the phrase "subject to all of the restrictions now in force." Appellant's contention that this phrase encumbered the lots with restrictions is without merit. Recitals of this type are designed to protect a grantor in the event there are any restrictions on property in effect at the time of a conveyance. Thus, the insertion of such recitals in deeds is merely precautionary. *See Smith v. Second Church of Christ, Scientist, Phoenix,* 87 Ariz. 400, 351 P.2d 1104, 1109 (1960), *Donahoe v. Turner,* 204 Mass. 274, 90 N.E. 549, 550 (1910); *Keith v. Seymour,* 335 S.W.2d 862, 868 (Tex.Civ.App.—Houston 1960, writ ref'd n. r. e.). They do not create restrictions if none existed at the time of the conveyance. *See Keith v. Seymour,* 335 S.W.2d 862, 868 (Tex.Civ.App.—Houston 1960, writ ref'd n. r. e.); *cf. Kokernot v. Caldwell,* 231 S.W.2d 528, 531 (Tex.Civ.App. —Dallas 1950, writ ref'd) (phrase "subject to" in mineral deed does not create affirmative rights). Since there was no scheme of restrictions "in force" in the subdivision at the time of the conveyance to Houston, the "subject to" phrase in Houston's deed did not impose servitudes on the lots conveyed. Fulton's conveyance of a large number of lots without any restrictions eliminates the possibility that it intended to impose a common plan or scheme for the development of the subdivision. *See, e. g., Donahoe v. Turner,* 204 Mass. 274, 90 N.E. 549, 550 (1910); *Davis v. Robinson,* 189 N.C. 589, 127 S.E. 697, 701 (1925); *Hill v. Trigg,* 286 S.W. 182, 184–85 (Tex.Comm'n App. 1926, judgmt. adopted).

We do not interpret the judgment in this case as precluding suits to enforce any personal covenants that may exist in this subdivision.

The judgment of the trial court is affirmed.