The court in *Bailey v. Merrill*, 582 S.W.2d 489 (Tex.Civ.App.-Beaumont 1979, writ ref'd n.r.e.) said:

Plaintiff's burden in proving loss of earnings is greater than proving diminished earning capacity as indicated in *Ryan v. Hardin*, supra.

\* \* \* \* \* \*

Where a plaintiff seeks special damages for loss of earning capacity in a particular business or profession, the amount of his earnings or the value of his services must be shown with reasonable certainty. *Rubner v. Kennedy*, 417 S.W.2d 860 (Tex.Civ.App.-San Antonio 1967, writ ref'd n.r.e.).

See also *Ryan v. Hardin*, 495 S.W.2d 345 (Tex.Civ.App.-Austin 1973, no writ); *Rubner v. Kennedy*, 417 S.W.2d 860 (Tex.Civ. App.-San Antonio 1967, writ ref'd n.r.e.); *Panhandle & S. F. Ry. Co. v. Reed*, 273 S.W. 611 (Tex.Civ.App.-Waco 1925, writ dism'd).

We sustain the cross-point of Faubion and reform the judgment to eliminate the award of $700 to Kraatz for lost earnings in the past.

The judgment as reformed is affirmed.

**Morris E. SILLS, et al., Appellants,**

v.

**EXCEL SERVICES, INC., et al., Appellees.**

No. 1369.

Court of Civil Appeals of Texas, Tyler.

April 23, 1981.

Larry W. Starr, Sharp, Ward, Ross, McDaniel & Starr, Longview, for appellants.

John M. Smith, Longview, for appellees.

SUMMERS, Chief Justice.

This is an appeal from an order of the trial court denying a temporary injunction and dissolving a temporary restraining order previously issued.

Appellants (plaintiffs below) as homeowners in Oak Forest County Club Estates Unit No. 1 (Oak Forest Unit No. 1), a subdivision of the City of Longview, instituted this suit seeking to enforce single family residential restrictive covenants upon a 4.22-acre tract alleged to be a part of said subdivision and to restrain and enjoin the construction of an apartment complex on said tract.

Appellees (defendants below) are the owners and builders of an apartment project on said 4.22-acre tract with plans and a building permit for the construction of a 152-unit apartment complex on said tract. Preliminary excavation work for said project had commenced when the trial court issued its temporary restraining order prohibiting any further construction work on such land. After a hearing, the trial court rendered an order denying a temporary injunction and dissolving the temporary restraining order. From this order appellants appeal.

We affirm.

Oak Forest Unit No. 1 was subdivided by Zack E. Williams, Trustee, who was developing such property on behalf of himself and nineteen other individuals. It was originally part of a 501.62-acre tract of land described in a deed dated April 26, 1972, from S. R. Thrasher, Jr., to Zack E. Williams, Trustee. There are no restrictions contained in such conveyance, and there is no evidence of any restrictive covenants affecting such 501.62-acre tract of land at the time of such conveyance.

In developing the acreage obtained from Thrasher, Mr. Williams secured the engineering services of Hart Engineering Company and proceeded first to lay out the golf course for the Oak Forest Country Club. As a part of this work, the engineering firm placed iron stakes in the ground as monuments to delineate the limits of the golf course area. Sometime later, Mr. Williams had the same engineering firm perform additional surveying work and prepare for him the original plat for the Oak Forest Unit No. 1 residential subdivision, which plat, dated April 2, 1976, was filed by him in the office of the County Clerk of Gregg County, Texas, on July 28, 1977, identifying

the subdivision as Oak Forest Estates Unit No. 1, 28.02 acres. Subsequently, after discovery of another "Oak Forest Estates" subdivision in Gregg County, Mr. Williams filed a second plat for record on August 10, 1977, under County Clerk's File No. 12023, changing the identification of the subdivision to Oak Forest Country Club Estates Unit No. 1, 28.02 acres. Thereafter, a third plat[1] of the subdivision was filed for record by developer Williams on September 22, 1977, showing a plat revision dated September 20, 1977, in which the acreage in Oak Forest Country Club Estates Unit No. 1 was reduced from 28.02 acres to 27.96 acres to reflect a small triangular piece taken off Lot 19 for a green on the golf course.

After filing the second plat for record, the developer, Zack E. Williams, Trustee, filed for record with the County Clerk on August 18, 1977, a declaration of restrictive covenants pertaining to Oak Forest Country Club Estates Unit No. 1 "*as shown by Plat thereof filed under Clerk's File No. 12,203 [sic] in the Deed Records of Gregg County, Texas,* to which plat and record thereof reference is here made for all purposes" (Emphasis added) and providing in part that:

> ZACK WILLIAMS, TRUSTEE, desires to create a uniform plat of development for *Oak Forest Unit No. 1,* and subject *each lot therein* to various restrictions so as to effect a uniform plan of development (Emphasis added):
>
> \*　\*　\*　\*　\*　\*
>
> ... Each of such restrictions shall be and is hereby imposed upon each lot or parcel of land in said subdivision as shown by the plat thereof, shall constitute covenants running with the land and shall inure to the benefit of Zack Williams, Trustee, his successors and assigns, and each purchaser, by virtue of accepting a contract or a deed covering said property, shall be subject to and bound by these restrictions, covenants and conditions.
>
> \*　\*　\*　\*　\*　\*

### III

> ▪ All lots or parts of lots shall be used for single family residential purposes only and no duplex or multiple residential structure shall be placed thereon. Only one structure shall be constructed on each lot.
>
> ▪ ... the use of any lot for any type of commercial usage is expressly prohibited.
>
> \*　\*　\*　\*　\*　\*

### XIV

> ... No deviation from any of these restrictions shall be permitted except by special written permission of Zack Williams, Trustee.

### XV

> All structures upon all lots shall be constructed so as to front on the street upon which such lot faces, except upon permission obtained in writing from Zack Williams, Trustee. This also refers to Lots 1 and 23, being the corner lots of the subdivision....

Shown on each of the recorded plats were twenty-three (23) lots, numbered 1 through 23, in Block 1095; also a tract of 4.22 acres labeled "Future Development" owned by Zack Williams, Trustee, and a portion of the McCrede 59 acres and the Northcutt 37.5-acre tract. The 4.22 acres were conveyed by Zack Williams, Trustee, to Excel Services, Inc., as part of a 7.28-acre tract by deed dated January 25, 1979. Said 7.28-acre tract is now under contract of sale from Excel Services, Inc. and Bill Brewer, Trustee, to Paul E. Thomas who with his associates as appellees have plans for the construction of the 152-unit apartment complex on said 7.28-acre tract.

Appellants predicate their appeal on a single point of error asserting that the trial court abused its discretion in denying appellants a temporary injunction to preserve the

---

1. None of the three recorded plats of said subdivision have been vacated pursuant to Tex. Rev.Civ.Stat.Ann. art. 974a, § 5 (Vernon 1963).

status quo pending trial on the merits of appellants' petition to enforce the deed restrictions of Oak Forest Unit # 1, in light of the commencement of work on a large apartment project in violation of the "single family residential purposes" clause of the recorded restrictions of said subdivision.

Appellants purchased various lots within Oak Forest Country Club Estates Unit No. 1. These purchases were subsequent in time to the filing of the recorded plat referred to in their respective deeds. Appellants assert that the 4.22 acres, labeled on the plats as "Future Development" and on which the apartment construction has commenced, are in the Oak Forest Country Club Estates Unit No. 1 and are subject to its restrictions. Appellees contend that the 7.28 acres (which includes the 4.22-acre tract) are not in Oak Forest Country Club Estates Unit No. 1 and are not subject to its restrictions. We agree with appellees' contention.

■ At a hearing upon the request for a temporary injunction the only question before the trial court is whether the applicant is entitled to preservation of the status quo pending trial on the merits. *Houston Belt & T. Ry. C. v. Texas & New Orleans R. Co.*, 155 Tex. 407, 289 S.W.2d 217, 219 (1956). To establish a right to the issuance of a temporary injunction, the applicant must show a probable right and a probable injury. *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549, 552 (1953). On appeal the reviewing court is limited in its consideration as to whether the trial court abused its discretion in making the foregoing determination. The appellate court may not substitute its judgment for that of the trial court. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978); *Texas Foundries v. International Moulders & F. Wkrs.*, 151 Tex. 239, 248 S.W.2d 460, 463 (1952).

■ Where, as here, the record before us is without findings of fact or conclusions of law, the well-settled rule is that the appel-

late court must affirm the judgment rendered by the trial court if it can be upheld on any legal theory supported by the record. *Davis v. Huey*, supra at page 862; *Seaman v. Seaman*, 425 S.W.2d 339, 341 (Tex. 1968); *Bishop v. Bishop*, 359 S.W.2d 869, 871 (Tex. 1962).

The record herein supports the implied findings of the trial court that plaintiffs-appellants have failed to show a probable right and probable injury; that the 4.22-acre tract labeled for "Future Development" on the recorded plats is not within the boundaries and confines of Oak Forest Country Club Estates Unit No. 1 nor subject to the declaration of restrictions only pertaining thereto.

■ The recorded plats and declaration of restrictions for Oak Forest Country Club Estates Unit No. 1, when construed together in their entirety, show that such restrictions do not apply to subject 4.22-acre tract of land. The declaration of restrictions refers only to said subdivision as shown by the "Plat thereof filed under Clerk's File No. 12,203 [sic] in the Deed Records of Gregg County, Texas." The recorded plats of Oak Forest Country Club Estates Unit No. 1 clearly identify the location and quantity of acreage included therein, being 28.02 acres on the original and second plats and 27.96 acres on the revised plat, and clearly show or delineate the outside boundaries of the subdivision by a heavy dark line in accordance with City of Longview Subdivision Ordinance No. 1066, Article VI(A)(1)(C).[2] The heavy dark line encircles the twenty-three (23) lots, numbered from 1 through 23 in Block 1095 and the two dedicated streets (Oak Forest Drive and Gregg County Blvd.), but does not include the 4.22-acre tract.

Defendants' Exhibit 9, being a plat with field notes of the 7.28 acres described in Exhibit "A" of plaintiffs' amended petition reveals that said 7.28 acres (including the 4.22-acre tract) is within a 100 year flood plain. Appellees contend that if the 4.22-acre tract had been included in the subdivi-

2. Provides: * * * The boundaries of the subdivision shall be indicated by a heavy line and shall be tied by dimension to the established centerline of all existing boundary streets.

sion, the City of Longview would have required the developer to submit the data and information pertaining to the flood plain area required by the special flood plain provisions of City of Longview Ordinance No. 1066, § VIII, when the preliminary plans for the subdivision were submitted for approval and prior to approval of the final plat. There is no showing in the record that any data regarding the flood plain was submitted to the City of Longview in connection with its approval of the final plat of Oak Forest Country Club Estates Unit No. 1 Subdivision.

■ The implied findings of the trial court are also supported by the testimony of Mr. Fred Pratt, the registered public surveyor who conducted the survey work for Hart Engineering Company and prepared the three recorded plats of the subdivision. Mr. Pratt testified that his personal computation of the acreage contained within the heavy black lines on the original plat is 28.02 acres, as stated on the plat, and that the 4.22-acre tract is outside of and not included in the 28.02 acres. He further testified that his personal computation of the acreage within the heavy black lines on the third plat is 27.96 acres, as shown on the plat, and that the 4.22 acres labeled "Future Development" would be outside of and not included in the 27.96 acres. Mr. Ed Rohner, Director of Planning and Development for the City of Longview testified that insofar as the City is concerned, the subject 4.22-acre tract is not included in Oak Forest Country Club Estates Unit No. 1. Mr. Paul French, an attorney who prepared the declaration of restrictions pertaining to the subdivision testified that he did not know of any difference in the three recorded plats except the name change from Oak Forest Estates to Oak Forest Country Club Estates Unit No. 1 and cutting off the little "sliver" on Lot 19; that he is personally familiar with where the 4.22 acres, which has the words "Future Development," lies in relation to Gregg County Boulevard and Oak Forest Drive, and the 4.22 acres were not plotted for residences.

Appellants cite *Brite v. Gray*, 377 S.W.2d 223 (Tex.Civ.App.—Beaumont 1964, no writ) in support of their contention that the declaration of restrictions apply to the 4.22 acres labeled "Future Development," although not assigned lot or block numbers, as a part of the general scheme of development for the subdivision; such case, however, is clearly distinguishable from the case at bar. In *Brite*, the court held that a small strip and lake *encompassed within the boundaries of a residential subdivision*, but not surveyed and designated on the plat as being either a lot or lots, was nevertheless subject to the subdivision restrictions as a part of the general scheme of development. In the instant case, the subject 4.22-acre tract is clearly outside the 27.96-acre tract subdivided as Oak Forest Country Club Estates Unit No. 1, and the record completely negates the existence of any scheme or plan of development imposing single family use restrictions on any property not encompassed within the boundaries of said subdivision.

■ Additionally, in appellants' brief, reference is made to the following clause contained in the deed from Zack E. Williams, Trustee, to Excel Services, Inc., following the property description therein:

"Subject to all reservations, restrictions and easements of record or apparent from visual inspection."

Appellants' assertion that such clause must necessarily refer to restrictions applicable to Oak Forest Country Club Estates Unit No. 1 is without merit. Recitals of this type are designed to protect a grantor in the event there are restrictions on property in effect at the time of a conveyance. Thus, the insertion of such recitals in deeds is merely precautionary. As in the case at bar, they do not create restrictions if none existed at the time of the conveyance. *Wiley v. Schorr*, 594 S.W.2d 484, 488 (Tex.Civ. App.—Fort Worth, no writ); *Smith v. Second Church of Christ, Scientist*, 87 Ariz. 400, 351 P.2d 1104, 1109 (1960); *Donahoe v. Turner*, 204 Mass. 274, 90 N.E. 549, 550 (1910).

We conclude that a basis exists upon which the trial court properly held that the appellants were not entitled to a temporary injunction pending the final hearing. Accordingly, we overrule the point of error and hold that the trial court did not abuse its discretion in denying the temporary injunction.

The judgment of the trial court is affirmed.